[S. F. No. 7488. In Bank.—February 16, 1918.]

MARGARET A. HARDING et al., Appellants, v. LIBERTY HOSPITAL CORPORATION (a Corporation), Respondent.

HOSPITALS—NEGLIGENCE OF SURGEON—DEMURRER—STATUTE OF LIMITATIONS.—Where the complaint in an action for damages against a hospital corporation alleges a contract between the plaintiff and the hospital, by which the latter agreed to furnish the plaintiff medical and surgical treatment when rendered necessary by accidental injury or disease, and that the plaintiff, having suffered a fracture of the leg, was negligently and unskillfully treated by a surgeon employed by the defendant, and by reason thereof became permanently lame, the *gravamen* of the action is an injury caused by the negligent act of another, and not the breach by the hospital of the contract alleged in the complaint, and a demurrer to the complaint on the ground that the cause of action is barred by subdivision 3 of section 340 of the Code of Civil Procedure is properly sustained, where the action was not brought within one year after the negligent act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Edwin T. McMurray, and H. Clyde Harms, for Appellants.

John A. Percy, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the defendant after its demurrer had been sustained to the plaintiffs' first amended complaint, the latter declining to further amend. The first amended complaint alleged in substance that at some date prior to October 11, 1913, the plaintiff Margaret A. Harding had entered into a contract with the defendant, a corporation operating a hospital and carrying on therein "the general business of furnishing medicines and medical and surgical treatment, ambulance and hospital care to the sick and injured," by the terms of which contract said corporation agreed to furnish to the said plaintiff medical and surgical treatment "when the same may be rendered necessary by any acci-

dental injury or in sickness or disease''; that on the eleventh day of October, 1913, the said plaintiff suffered a fracture of certain bones of her left leg at the knee joint, which rendered it necessary for her to have medical and surgical treatment under the terms of said contract; and that on or about said last-named day the defendant undertook the treatment of said plaintiff for said injury and did, through its chief surgeon, render and furnish all surgical and medical treatment received by said plaintiff therefor; that the said chief surgeon of defendant was incompetent by reason of a lack of skill and experience to give plaintiff and to her said injury the medical and surgical treatment necessary and proper therefor, and that in treating said plaintiff for said injury the said chief surgeon of defendant wholly failed and neglected to use and exercise reasonable and ordinary care, diligence, and skill in reducing the fracture of said limb and in treating the same, and carelessly, negligently, improperly, and unskillfully set the bones thereof, and negligently, carelessly, and unskillfully failed and omitted to use and employ the necessary, ordinary, proper, and approved methods in the reduction and treatment of said fracture; and negligently, carelessly, and unskillfully failed and omitted to remedy and correct the defects resulting from said negligent, careless, and unskillful reduction and treatment, at a time when said defects could reasonably have been corrected and remedied by the exercise of ordinary care, skill, and diligence, although he well knew that said defects existed. By reason whereof, and solely on account of defendant's failure to furnish a competent and skilled surgeon to treat plaintiff for said injury as aforesaid and the aforesaid negligent, careless, and unskillful treatment of said injury by the aforesaid chief surgeon of said defendant, said plaintiff's left leg has become and is short, weak, crooked, and deformed and the usual and proper use thereof permanently impaired, and said plaintiff rendered permanently lame, crippled, and deformed to her damage in the sum of twenty-five thousand dollars, for which sum the plaintiffs prayed judgment in their favor and for their costs.

This action was commenced on April 12, 1915. The defendant demurred to the plaintiffs' first amended complaint upon the usual grounds, and also upon the ground that the plaintiffs' cause of action as set forth therein was barred by

the provisions of subdivision 3 of section 340 of the Code of Civil Procedure. The court sustained the defendant's demurrer upon this latter ground and thereafter entered judgment in defendant's favor, upon the plaintiffs' refusal to further amend. The sole question presented upon this appeal is as to whether or not the plaintiffs' cause of action, as above set forth, is barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure. The chapter of the Code of Civil Procedure relating to the periods prescribed for the commencement of actions other than for the recovery of real property contains the above section and subdivision, which reads in part as follows:

"Sec. 340. Within one year. . . .

"3. An action for libel, slander, assault, battery, false imprisonment, seduction or for injury to or for the death of one caused by the wrongful act or neglect of another."

The appellants herein contend that the cause of action set forth in their complaint is one arising out of the breach of the plaintiff Margaret A. Harding's contract with the defendant, such breach consisting in its failure to furnish adequate and competent surgical treatment for her injured limb, and hence that her cause of action being one for the breach of a written contract, does not come within the scope or effect of subdivision 3 of section 340 of the Code of Civil Procedure. Notwithstanding the elaboration with which the plaintiffs have undertaken to set forth the terms and provisions of their said contract, we are of the opinion that the *gravamen* of this action consists in the alleged negligent acts of the chief surgeon of the defendant, consisting in his unskillful setting of the said plaintiff's injured limb, by reason solely of which the plaintiff's alleged injury and damage arose. No distinction in principle can be discovered between this case and the case of *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33, [134 Pac. 993]. That was an action brought to recover damages for injuries suffered by one of the plaintiffs while a passenger on a street-car operated by the defendant in the city of Sacramento. There, as here, the plaintiffs pleaded the terms of the contract out of which the relation between the parties arose. In that case the relation was the contractual one of carrier and passenger. In this the relation was the contractual one of hospital and patient. In that case this court held that the pleading of the

contract by the plaintiffs was merely matter of inducement, out of the existence of which the definite legal duty of the defendant arose; and in that case, as in the instant one, the breach of that definite legal duty consisted in the alleged negligent acts and omissions of the agent of the defendant and consequent injury directly and solely caused thereby. The court there held that this was the *gravamen* of the action, citing numerous authorities in support of its view. In the later case of *Krebenios* v. *Lindauer,* 175 Cal. 431, [166 Pac. 17], the same question arose and was similarly decided. There the injury complained of was the alleged negligence of the defendant in failing to provide the plaintiff with a safe place to work, in violation of its contract of employment, and the court there held the action to be one arising *ex delicto* and to be barred by the provision of the section and subdivision of the code above quoted. In this latter case the court refers to and disposes of the case of *Gillette* v. *Tucker,* 67 Ohio St. 106, [93 Am. St. Rep. 639, 65 N. E. 865], upon which the appellant herein particularly relies. That was a case of malpractice on the part of a physician, which consisted in the careless leaving of a sponge in the patient's wound after an operation. The court called attention to the fact adverted to by the Ohio tribunal in its decision of said case, that the neglect of the physician was that of leaving the sponge in the wound until a period within the statute, during which his treatment of the case continued, but that in that case the Ohio tribunal held the action to be one *ex delicto.* In the case at bar, while it is true that the complaint alleges that the relation of hospital and patient continued for some time after the date of the alleged negligent acts of the physician, and up to a time within one year prior to the commencement of the action, this cannot be held to negative the direct and positive averments of the complaint that the negligent acts of the physician which caused the immediate injury complained of occurred on October 11, 1913, and that said plaintiff's damage was solely referable thereto. In the earlier case of *Denning* v. *State,* 123 Cal. 316, [55 Pac. 1000], cited with approval in *Krebenios* v. *Lindauer, supra,* the court, in discussing the question involved in all of these cases, says: "The contract of employment has nothing whatever to do with the liability, except to create a duty on the part of the employer, a duty not ex-

pressed in the contract and for the violation of which the contract of employment furnishes no rule or standard for the estimation of damages; nor is the action grounded upon the contract, but upon the duties springing from the relation created by it, namely, that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto.*" In the recent case of *Marty* v. *Somers,* 35 Cal. App. 182, [169 Pac. 411], in which a rehearing has been denied by this court, the precise question presented in the instant case upon almost an identical state of facts arose. There the contract of employment was directly with the physician, who was alleged to have negligently performed the operation which caused the plaintiff's injury; and upon the authority of *Basler* v. *Sacramento etc. Ry. Co., supra,* the court there held that subdivision 3 of section 340 operated as a bar to the action. The authorities cited herein from other jurisdictions, dealing with cases of alleged malpractice on the part of physicians, are not uniform in their rulings as to whether the action is one arising upon contract or tort. But the case of *Lotten* v. *O'Brien,* 146 Wis. 213, [131 N. W. 362], bears instructively upon the case at bar. Its facts are similar. It appears that the employment of the physician continued for some time after the date of the negligent setting of the plaintiff's broken arm. The court held that the action sounded in tort, and that the cause of action accrued when the negligent acts were committed, without reference to the time of the physician's discharge. Notwithstanding the conflict of authority from other jurisdictions, we are satisfied that it has become the settled rule in California that actions for injuries caused by the negligent acts of another or his agent must be commenced within the period of one year from the date of the alleged injury, and that the fact that the parties stand in contractual relation to each other does not operate to change the rule or extend the time for the commencement of such actions.

The judgment is affirmed.

Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.,* Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.