[Civ. No. 3066.   Third Appellate District.—May 21, 1926.]

JOSEPH WETZEL, Appellant, v. CHARLES I. PIUS,
Respondent.

[1] PHYSICIANS AND SURGEONS—MALPRACTICE—ACTION EX DELICTO—
CONTRACT OF EMPLOYMENT.—An action against a physician and
surgeon for damages for malpractice is an action *ex delicto;* and
the contract of employment has nothing whatever to do with the
liability, except to create a duty on the part of the employer, a
duty not expressed in the contract and for the violation of which
the contract of employment furnishes no rule or standard for the
estimation of damages; nor is the action grounded upon the con-
tract, but the duties springing from the relation created by it,
namely, that of employer and employee.

[2] ID.—STATUTE OF LIMITATIONS—CONTRACTUAL RELATION—NEW ACT
OF NEGLIGENCE.—Actions for injuries caused by the negligent acts
of another or his agent must be commenced within the period of
one year from the date of the alleged injury, and the fact that
the parties stand in contractual relation to each other does not
operate to change the rule or extend the time for the commence-
ment of such actions; but if some new and different act of neg-
ligence should occur during the course of an employment, it may
be made the basis of a separate and independent action.

[3] ID.—NEGLIGENCE—AGGRAVATION OF ORIGINAL INJURY—REVIVOR OF
BARRED CAUSE OF ACTION.—Where an act of negligence, such as
the improper setting of the femur bone, causes damage, the cause
of action is complete and cannot be split up so as to give a
separate and independent action because of subsequent acts which
merely aggravate the damage already done, or later developments
which add new elements of damage; and such subsequent acts or
later developments will not revive the cause of action for the
original injury if the same has become barred.

(1) 30 **Cyc.**, p. 1582, n. 21 New.   (2) **37 C. J.**, p. 897, n. 50; 30
**Cyc.**, p. 1582, n. 24.   (3) 37 **C. J.**, p. 863, n. 73, p. 897, n. 54.

APPEAL from a judgment of the Superior Court of
Siskiyou County.  C. J. Luttrell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

1.  See 20 **Cal. Jur.** 1073; 21 **R. C. L.** 400.
2.  See 20 **Cal. Jur.** 1081; 21 **R. C. L.** 401.

Jacob P. Wetzel for Appellant.

James M. Allen, Hartley F. Peart and Charles V. Barfield for Respondent.

SHIELDS, J., *pro tem.*—This is an action for damages against a physician and surgeon for malpractice in negligently setting the femur bone in plaintiff's leg.

In his complaint plaintiff charges that on or about the seventeenth day of May, 1922, he broke this bone in his right leg, and, relying upon the skill of defendant, employed him to attend to the injury and to give him such care and treatment as was usual and necessary in such cases to effect a cure. Continuing, plaintiff charges that defendant so negligently and unskillfully conducted himself in attempting to set the leg that the ends of said femur bone were allowed to overlap, and were not properly joined together, through which plaintiff's leg became deformed and became and remained permanently shortened.

The complaint was filed August 16, 1923. A demurrer to this complaint was sustained, apparently upon the ground that the cause of action alleged was barred by subdivision 3 of section 340 of the Code of Civil Procedure. An amended complaint was thereupon filed, in which the injury to plaintiff and his employment of defendant "to attend to his said injury and give him such care and treatment as was usual and necessary to effect a cure" was alleged as in the first complaint. It was then further alleged that the employment so begun was continued until February, 1923. The amended complaint then repeated the allegation of the original complaint as to the negligent and unskillful setting of the bone by which the ends of the bone were not joined together, but were overlapped; the amended complaint adding that the bones were negligently permitted to so remain until they became knit together in that position.

The amended complaint finally alleged that the defendant should, in the exercise of ordinary care, have reset the bones in plaintiff's leg, but that, in neglect of his duty, during the time he was treating plaintiff for his said injury, he took no steps whatever to reset the bones, but negligently refused to do so, whereby the injury occurred and the leg became deformed and permanently shortened.

.

A demurrer was filed to this complaint upon the grounds, chiefly, that the complaint was uncertain in that it did not state the date upon which the femur bone was first improperly set, and that the cause of action alleged was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure. This demurrer was sustained without leave to amend, and from the judgment for defendant thereupon entered this appeal was taken. The demurrer to the original complaint was, beyond question, correctly sustained. The injury alleged occurred much more than a year before the complaint was filed and the action stated was clearly barred by subdivision 3, section 340, of the Code of Civil Procedure.

To obviate this objection the amended complaint alleged a contract of employment extending from the time of the accident and the setting of the bone and continuing until within one year of the filing of the complaint. It was alleged that the contract provided for the setting of the bone and caring for the injury until a cure had been effected. The theory of the amended complaint is that there was a breach of this contract in the failure of the defendant to reset the bone during the term of his employment and after it became apparent that the injury seemed to require such a remedy. In his amended complaint plaintiff bases his action upon this contract. He states his contention in these words: "Our contention is that plaintiff being entitled to ordinary care and skill during treatment, that though an operation was improper, that if during treatment a condition developed that a physician should with ordinary professional care and skill have discovered and remedied, that neglect to do so is actionable, and if such neglect continued . . . during all the time plaintiff was under . . . treatment, an action may be brought at any time within one year from the time of the patient's discharge for neglect of such duty."

This contention is mistaken. [1] Actions of this character are not based upon the contract of employment; they sound in tort and are classed as actions *ex delicto*. In discussing a similar contention our supreme court said: "The contract of employment has nothing whatever to do with the liability, except to create a duty on the part of the employer, a duty not expressed in the contract and for the violation of which the contract of employment furnishes no

rule or standard for the estimation of damages; nor is the action grounded upon the contract, but the duties springing from the relation created by it, namely, that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto.*" (*Denning* v. *State*, 123 Cal. 316 [55 Pac. 1000]; *Marty* v. *Somers*, 35 Cal. App. 182 [169 Pac. 411]; *Basler* v. *Sacramento etc. Ry. Co.*, 166 Cal. 33 [134 Pac. 993].) The pleadings in the case of *Krebenios* v. *Lindauer*, 175 Cal. 431 [166 Pac. 17], were substantially as in the case under consideration. Plaintiff in his original complaint, as in this case, charged an ordinary action *ex delicto.* In an amended complaint he charged a violation of a contract of employment and sought damages, as here, for a violation of the contract. The court disposed of this contention with terseness and vigor, saying that "the action is clearly one in tort, and not in breach of contract." No departure from this rule has ever crept into the California cases. [2] In a recent case, after reviewing the earlier decisions, the rule is decisively reaffirmed in these words: "Notwithstanding the conflict of authority from other jurisdictions, we are satisfied that it has become the settled rule in California that actions for injuries caused by the negligent acts of another or his agent, must be commenced within the period of one year from the date of the alleged injury, and that the fact that the parties stand in contractual relation to each other does not operate to change the rule or extend the time for the commencement of such actions." (*Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520 [171 Pac. 98].)

This, of course, does not mean that if some new and different act of negligence should occur during the course of an employment that it could not be made the basis of a separate and independent action. [3] The rule above stated is based upon the theory that, where an act of negligence, as in this case the improper setting of the femur bone, causes damage, the cause of action is complete and cannot be split up. The original injury remains the sole cause of action, and subsequent acts which merely aggravate the damage already done, or later developments which frequently add new elements of damage, merely attach themselves to the original cause of action and do not of themselves become independent causes of action, nor do they

revive the cause of action for the original injury if the same has become barred. (*Furgason* v. *Bellaire*, 197 Iowa, 277, [197 N. W. 13]; *Coady* v. *Reins*, 1 Mont. 424.)

The demurrer was properly sustained and the judgment is, therefore, affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1926.