[Civ. No. 6982. First Appellate District, Division Two.—April 19, 1930.]

B. O. JOHNSON, Appellant, v. T. J. NOLAN, Respondent.

C. H. Grayson for Appellant.

Hartley F. Peart, Charles V. Barfield and Ford & Johnson for Respondent.

STURTEVANT, J.—To the plaintiff's fourth amended complaint the defendant interposed a demurrer. The demurrer was sustained and the plaintiff declined to amend. Judgment in favor of the defendant was entered and from that judgment the plaintiff has appealed. The plaintiff in his complaint charged the defendant with malpractice. ██ On the face of the original complaint it appeared that the action was barred by the statute of limitations. Therefore a demurrer pleading the statute of limitations was sustained. The only material difference between the allegations of the original complaint and the fourth amended complaint is that in the latter the date of the alleged negligent act is not specifically set forth. Because it was not specifically set forth the defendant interposed a special demurrer in which he made fifteen attacks, attempting to compel the plaintiff to plead the facts on the face of his complaint. In passing on the last demurrer the trial court, in the absence of a showing to the contrary, was justified in assuming that the date of the wrongful act was correctly set forth in the original complaint and in ruling accordingly. (*Williamson* v. *Joyce*, 137 Cal. 151, 152 [69 Pac. 980].) Furthermore, the defendant's special demurrer was addressed to the date. If the date had been inserted the plea of the statute was good. If the date was omitted the special demurrer was good. The plaintiff may not complain in either event. ██ In a further attempt to avoid a plea of the statute of limitations the plaintiff inserted certain allegations pleading that

the defendant concealed from him certain facts regarding the plaintiff's case. However, this is not an action in equity, but is an action in malpractice. The statute of limitations which is applicable is subdivision 3 of section 340 of the Code of Civil Procedure. (*Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520; 522 [171 Pac. 98].) Within the period of time so specified in that statute it was the plaintiff's duty to ascertain at his peril whether he desired to maintain this action. In *Lattin* v. *Gillette*, 95 Cal. 317, at page 320 [29 Am. St. Rep. 115, 30 Pac. 545, 546], the court quotes with approval from Wood on Limitations as follows: "Where an attorney is sued for malpractice, the cause of action arises from the time when such malpractice occurred, and that without any reference to the circumstance whether the client knew the fact or not." Continuing, the court cites many other authorities to the same effect. We find no error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.