[Civ. No. 6970. Second Appellate District, Division Two.—December 17, 1931.]

WARREN W. GUM et al., Appellants, v. J. R. ALLEN et al., Respondents.

William J. Hanlon for Appellants.

W. I. Gilbert and Kidd, Schell & Delamer for Respondents.

CRAIG, J.—Objections by the defendants to the introduction of evidence by the plaintiffs in an action for damages were sustained upon the ground that the same was barred by section 340 of the Code of Civil Procedure. Thereupon motions for a nonsuit were granted, and the plaintiffs appealed from the judgment entered in accordance with said rulings.

More than one year previously to the filing of the action appellant Rheta Lorraine Gum entered the hospital of the respondent corporation and was operated upon by the respondent Allen, a licensed and practicing physician and surgeon. She thereafter contracted an infection from which she continued to suffer great pain, as the result of a gauze pack which had been inadvertently left within the cavity when closed on the day of the original operation. It was alleged that Dr. Allen continued to visit and treat the respondent at various dates up to and including a date within about four months next preceding the filing of the action, and that the plaintiffs were not informed nor aware of the existence of such foreign substance until about one month preceding the commencement of the action.

The appellants rely entirely upon the authority of decisions from the state of Ohio and cases therein cited. However, decisions of our own appellate courts have determined in clear-cut language both that an action such as that before us is one *ex delicto* and that in an instance wholly similar to the one here under consideration, the original injury is the sole cause of action. The law thus established in this jurisdiction on these two propositions is, we think, decisive of this appeal. Notwithstanding the failure to furnish adequate surgical treatment for an injured limb constituted a breach of a contract, the gravamen of the action brought to recover damages for negligent and unskilful treatment by the surgeon of plaintiff's leg was of such character that the action itself sounded in tort. (*Harding* v. *Liberty Hospital Corp.*, 177 Cal. 520 [171 Pac. 98]. See, also, *Kershaw* v. *Tilbury,* *(Cal. App.) 2 Pac. (2d) 389.) And it has been held that such cases fall within the bar of section 340, subdi-

*Reporter's Note.—A hearing was granted by the Supreme Court in the case of *Kershaw* v. *Tilbury* on October 15, 1931. The opinion of the Supreme Court, filed January 27, 1932, is reported in —— Cal. —— [8 Pac. (2d) 109].

vision 3 of the Code of Civil Procedure. (*Jones* v. *Kelly,* 208 Cal. 251 [280 Pac. 942]; *Huntly* v. *Zurich Gen. A. & L. Co.,* 100 Cal. App. 201 [280 Pac. 163]; *Johnson* v. *Nolan,* 105 Cal. App. 293 [288 Pac. 78].)

*Wetzel* v. *Pius,* 78 Cal. App. 104 [248 Pac. 288], is here in point. It was there the contention that "though an operation was improper, that if during treatment a condition developed that a physician should with ordinary professional care and skill have discovered and remedied, that neglect to do so is actionable, and if such neglect continued . . . during all the time plaintiff was under treatment, an action may be brought at any time within one year from the time of the patient's discharge for neglect of such duty". As there stated, with the approval of our Supreme Court, the action is one in tort, and not for a breach of contract. "This, of course, does not mean that if some new and different act of negligence should occur during the course of an employment that it could not be made the basis of a separate and independent action. The rule above stated is based upon the theory that, where an act of negligence, as in this case the improper setting of the femur bone, causes damage, the cause of action is complete and cannot be split up. The original injury remains the sole cause of action, and subsequent acts which merely aggravate the damage already done, or later developments which frequently add new elements of damage merely attach themselves to the original cause of action and do not of themselves become independent causes of action, nor do they revive the cause of action for the original injury if the same has become barred." The contention here that the operation "constituted as and was one act up to and including the date of the removal of the gauze pack or at least until the termination by the defendant of his employment", is inconsistent with the quoted settled law in such cases. And it is not wholly consistent with the appellant's positive allegation that she was "under the influence of an anesthetic and remained unconscious until the operation was completed"; that the operation was performed on the date alleged, and that the gauze was not discovered until a second operation was performed. Since the action was not commenced within one year from the date of the operation it became barred by section 340, subdivision 3, of the Code of Civil Procedure, requiring that an action for

the injury to one by the wrongful act or neglect of another be instituted within that period of time.

It is urged that the respondents were estopped to plead the statute of limitations by section 1962 of the Code of Civil Procedure. Said section provides that a party who by his own act or declaration intentionally leads another to believe a particular thing to be true, may not be permitted to falsify it, after the other party has acted thereon. Appellants allege and argue in their briefs that the respondent surgeon at all of the times mentioned diagnosed the resultant infirmity as of an origin other and different from that finally discovered upon the second operation. It was not alleged nor does it appear that such diagnosis was intentionally erroneous, nor that the surgeon at any time thereafter attempted or was permitted to falsify it. The existence of the presumption established by said section does not appear.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1932.