(No. 5881.   November 23, 1932.)

ALBERT EDWIN TRIMMING, Appellant, v. W. F. HOW-
ARD, Respondent.

[16 Pac. (2d) 661.]

Witty & Anderson, for Appellant.

Peterson & Clark, for Respondent.

LEE, C. J.—Plaintiff and appellant, Albert Trimming, sought a judgment against defendant and respondent, W. F. Howard, a practicing physician and surgeon: he asked for general damages in the sum of $7,500 and special damages in the further sum of $2,565.50. He plead that respondent, having undertaken to treat him for spinal meningitis, attempted to inject into the patient's spinal column by means of a hypodermic syringe needle a certain serum, but that in the operation he broke off a portion of said needle in appellant's back, in the vicinity of the spinal column; that there-

after, for the purpose of "removing the needle" so broken off, respondent performed upon appellant's back "some sort of a surgical operation, occupying for that purpose a space of time in excess of four hours." At this point of his pleading, appellant specifically charged respondent as follows:

"The defendant was guilty of gross negligence and carelessness and failed to exercise ordinary care and common prudence as is usual and customary in such cases in accordance with the standard of the medical profession prevailing in the City of Pocatello, Bannock County, Idaho, at said time, and in violation of the contractual duty resting upon the defendant to skillfully and carefully treat the plaintiff and to remove said needle from his back, and in breach of the duty by reason of the defendant's profession and the contractual relationship existing between the plaintiff and defendant in that the said defendant has grossly, negligently and carelessly left in plaintiff's back a portion of said broken needle approximately three-fourths of an inch in length."

It was further alleged that respondent knowingly and falsely represented to appellant and appellant's father that the whole of said needle had been removed from the patient's back, the purpose of such representation at the time being to conceal the actual fact; and that appellant relying upon the truth of such representation did not discover its falsity until June 25, 1930.

Appellant then plead that plaintiff had lost in time from his work and labor approximately two years, "all on account of, and as the proximate cause of the negligence and misconduct of the defendant by reason of having negligently and carelessly left in plaintiff's back said needle during which time, had the plaintiff been physically able to have done so, he could have earned the sum of One Hundred Dollars per month." He concluded with the allegation: "That by reason of the premises and of the carelessness and fraud and negligence of the defendant, the plaintiff has been damaged in the sum of etc."

Trial was had, and upon appellant's resting respondent moved for a nonsuit and dismissal, the first ground

of which invoked the bars of C. S., secs. 6610, 6611, 6612 and 6617, particularly subdivision 4 of section 6612. Appellant requested and secured the privilege of reopening for the submission of further testimony, at the conclusion of which respondent renewed his former motion. The court granted the motion and entered judgment accordingly: hence, this appeal.

This case is presented to the court upon two theories, appellant contending that it is one on contract, colored with recently discovered fraud and concealment, tolling the statutes of limitation, and respondent as insistently contending that it is a case of malpractice, sounding in tort and therefore barred by C. S., sec. 6612, subd. 4. The complaint primarily alleges that a contract for treatment was entered into between the parties. So far so good. But, in the performance of that contract, respondent impliedly contracted that he would exercise ordinary and reasonable care (48 C. J. 1115, par. 101), the which is another way of saying that such duty is imposed by law. *Denning v. State*, 123 Cal. 316, 55 Pac. 1000, 1002, enunciating as follows:

"The contract of employment has nothing whatever to do with the liability except to create a duty on the part of the employer,—a duty not expressed in the contract and for the violation of which the contract of employment furnishes no rule or standard for the estimation of damages. Nor is the action grounded upon the contract, but upon the duties springing from the relation created by it, viz., that of employer and employee, and under the old system of pleading was always classed as an action *ex delicto.*"

We do not have to deal here with a contract whereby the surgeon expressly undertook to use extraordinary skill and care. That being out of the way, the charging parts of the complaint will determine whether or not the gravamen of this action consists of a breach of the contract, itself, or the duty imposed by law in relation to the manner of its performance. (48 C. J. 1138, par. 145.) Aside from the one allegation of fraud and concealment, the basic alle-

gations of the complaint are directed solely to carelessness, negligence and misconduct as the proximate cause of the injury claimed to have been suffered. Respondent is not arraigned for breach of contract but for delinquencies incidental to its performance. As alleged, these are the very foundation of the action, and if true, constituted nothing but malpractice. The gist of a malpractice action is negligence, not a breach of the contract of employment. (*Hall v. Steele,* 193 Cal. 602, 226 Pac. 854; *Carpenter v. Walker,* 170 Ala. 659, 54 So. 60; *Peters v. Howard,* 206 Ill. App. 610, 617.) The original injury, be it caused by carelessness, negligence, misconduct or whatnot, remains the sole cause of action; and the action is one in tort and not for a breach of contract. (*Gum v. Allen,* 119 Cal. App. 293, 6 Pac. (2d) 311; *Wetzell v. Pius,* 78 Cal. App. 104, 248 Pac. 288.) The appropriate statute of limitations is determined by the substance, not the form, of the action. (*Common School District v. Twin Falls Bank & Trust Co., ante,* p. 200, 12 Pac. (2d) 774.) We hold, therefore, that the instant case based upon a cause of action sounding in tort is plainly a suit for malpractice.

The plea that the action is barred by C. S., sec. 6612, subd. 4, is countered by appellant's contention that the statute was tolled by C. S., sec. 6611, subd. 4, providing that a cause of action on the ground of fraud or mistake is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. In order to invoke this latter statute, however, fraud or mistake must be the substantial causes of action: the action must rest solely upon them, and their proof be primarily essential to any relief. (37 C. J. 793, par. 133.) The statute applies only to an action in which there could have been no injury except for the fraud. (37 C. J. 936, par. 305.) This court has twice squarely announced this proposition. *Havird v. Lung,* 19 Ida. 790, 115 Pac. 930, and *Hillock v. Idaho etc. T. Co.,* 22 Ida. 440, 450, 126 Pac. 612, 42 L. R. A., N. S., 178, where Mr. Justice Ailshie said: "The test, therefore, under subd. 4 of sec. 4054, is not whether the fraud

and mistake occurred in a contract or independently of contract, but the test rather is whether the action seeks relief from or on account of a *fraud or mistake*." To the same effect is *Cornell v. Edsen*, 78 Wash. 662, 139 Pac. 602, 51 L. R. A., N. S., 279, where concealment as well as fraud was relied upon; *Frishmuth v. Farmers' L. & T. Co.*, 107 Fed. 169; *People v. Kings County Dev. Co.*, 177 Cal. 529, 171 Pac. 102, and *Johnson v. Nolan*, 105 Cal. App. 293, 288 Pac. 78, where, discussing the plea of concealment, the court said:

"In a further attempt to avoid a plea of the statute of limitations the plaintiff inserted certain allegations pleading that the defendant concealed from him certain facts regarding the plaintiff's case. However, this is not an action in equity, but is an action in malpractice. The statute of limitations which is applicable is subdivision 3 of section 340 of the Code of Civil Procedure. *Harding v. Liberty Hospital Corp.*, 177 Cal. 520, 522, 171 Pac. 98."

Even though the instant complaint were in form an action on contract, which it is not, the great majority rule is that actions against physicians, surgeons and dentists for injuries resulting from negligence are subject to the bar of the statute relating to injury to the person or death caused by the wrongful act or neglect of another. To pad this opinion with voluminous citations is unnecessary in the presence of the exhaustive authority set forth in the note appended to *Barnhoff v. Aldridge*, appearing in 74 A. L. R. 1256. According to his pleading, appellant's cause of action arose on July 4, 1926, when the broken needle was left in his back. Born May 13, 1907, practically two years and eleven months had elapsed between his majority and the filing of his complaint on April 3, 1931: his action had already been barred by the two-year limitation imposed by C. S., sec. 6612, subd. 4.

Judgment affirmed; costs to respondent.

Givens, Varian and Leeper, JJ., concur.