[L. A. No. 14448. In Bank.—May 1, 1936.]

CHRISTIAN HUYSMAN et al., Appellants, v. RALPH L. KIRSCH, Respondent.

Frank C. Dunham, Louis Semon and E. De Young Vasse for Appellants.

W. I. Gilbert, Gibson, Dunn & Crutcher, Wm. M. Rains and Philip C. Sterry for Respondent.

CURTIS, J.—This is an appeal from a judgment rendered by the court after the sustaining of an objection by the defendant to the introduction of any evidence in support of the allegations of the complaint, on the ground that the complaint showed on its face that plaintiffs' cause of action was barred by the statute of limitations, subdivision 3 of section 340 of the Code of Civil Procedure, the provisions of which were affirmatively pleaded by the defendant in his answer.

The action is one for damages against the defendant and respondent, a physician and surgeon, based upon certain acts of alleged negligence on the part of respondent in the performance of an operation upon one of the plaintiffs. The plaintiffs are husband and wife. In their complaint they allege that prior to the operation the plaintiff, Clara E. Huysman, the wife, was in ill health and suffering from a tumor of the uterus, and that on or about the 26th day of December, 1930, said respondent advised the appellants that a surgical operation was necessary for the proper treatment and cure of the said Clara E. Huysman; that on or about said last named date the appellants employed the respondent as such physician and surgeon to perform said operation upon said

Clara E. Huysman and to treat and cure her of said ailment and that respondent accepted said employment. It is further alleged that thereafter, to wit, on or about the 3d day of January, 1931, at the Pasadena Hospital, in the city of Pasadena, the respondent, pursuant to said employment, undertook to and did perform a surgical operation upon the said Clara E. Huysman, making an incision in her abdomen and removing her uterus therefrom; that, while performing said operation, the respondent did use and insert in the incision so made a rubber drainage tube, about nine inches in length and one-half inch in diameter, for the purpose of draining said wound; and that from the date of said operation, and in pursuance of the terms of said contract of employment, the respondent continued to treat and counsel the appellant, Clara E. Huysman, concerning her illness and operation until on or about the 12th day of December, 1932.

Allegations V and VI of said complaint here are as follows:

"V.

"That in disregard of his duties and obligations under said contract of employment, and while still treating the plaintiff, Clara E. Huysman, for her said illness and operation under said contract of employment, and without the knowledge or consent of the plaintiffs, the defendant knowingly, carelessly and negligently permitted the aforesaid rubber drainage tube to remain inclosed in the abdomen of the said plaintiff, Clara E. Huysman, from on or about January 9, 1931, to and including September 26, 1932, and upon each and every day during that period of time. That on or about the said 26th day of September, 1932, the defendant for the first time removed the said rubber drainage tube from the abdomen of the plaintiff, Clara E. Huysman, at which time the plaintiffs first learned that the same had been permitted to remain in the body of the said plaintiff by the defendant, as aforesaid.

"VI.

"That by reason of the negligence of the defendant in permitting the said rubber drainage tube to remain inclosed in the abdomen of the plaintiff, Clara E. Huysman, during each and every day of said period of time, as aforesaid, there was created and maintained in the abdomen of the said plaintiff, Clara E. Huysman, upon and during each and every day from about the date of said operation to on or about November 15,

1932, numerous running, painful sores, continually discharging pus, and requiring constant care and attention, and ever since about the date of said operation the plaintiff, Clara E. Huysman, was made sick, and still is sick, and will continue sick for an indefinite period of time to come, and has suffered, and still suffers, and for an indefinite period of time to come will continue to suffer great mental anguish and great physical pain and during all this period of time she was, and still is, and for an indefinite period of time to come will be almost totally disabled for the performance of her family and household duties, all to her damage in the sum of Twenty Thousand ($20,000) Dollars.''

Paragraph VII of the complaint sets forth the damage sustained by the husband through the negligence of the defendant in performing said operation by reason of his loss of the services of his wife, and for expenditures made by him for nursing care, medicine and appliances.

The answer of respondent consisted of denials of certain allegations of the complaint and the affirmative defense that plaintiffs' cause of action was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure. Upon the trial the respondent objected to the introduction of any evidence in support of the allegations of the complaint on the ground that it appeared from said allegations that plaintiffs' cause of action was barred by the statute of limitations, which objection was sustained, and basing its action upon the order sustaining said objection the trial court entered judgment dismissing said action.

It will be noted from the allegations of the complaint that respondent undertook to perform said operation on or about January 3, 1931, on which date he closed the wound and left therein the rubber drainage tube, and that said tube was not removed until September 26, 1932, a period of over twenty months. The complaint was not filed until January 7, 1933. The statute of limitations pleaded by respondent provides that an action for injury caused by the wrongful act or neglect of another must be commenced within one year from the date of the injury. The position of the respondent, which was acceded to by the trial court, is that the negligence of the respondent was his failure to remove the drainage tube after it had served its purpose, and this failure the respondent contends occurred on January 9, 1931, and therefore

the date of the injury was January 9, 1931, at which date plaintiffs' cause of action accrued, and was barred one year thereafter. In other words, the respondent contends that plaintiffs' cause of action was barred by the statute before they, or either of them, knew that any such cause of action existed. It should furthermore be stated that the complaint shows that the plaintiffs' ignorance of their rights was due directly and solely to the negligence of the respondent. In this factual situation, can respondent's position be maintained? As we have said, the trial court ruled with respondent. On appeal to the District Court of Appeal, that court affirmed the judgment. Thereafter, on petition of the appellants, the case was transferred to this court.

The District Court of Appeal in its opinion stated that its "conclusion leads to harsh injustices and affords a cloak for the careless and ignorant, but it is the only consistent construction that the court can give to the statute." In arriving at its conclusion, the District Court of Appeal relied almost, if not wholly, on the case of *Gum* v. *Allen,* 119 Cal. App. 293 [6 Pac. (2d) 311], which the court stated was on all-fours in principle with the instant case. No petition for hearing of the *Gum* v. *Allen* case was ever made to this court, and accordingly this court never gave it any consideration. Our attention has not been directed to any instance when the precise point here involved has been before us. It is, therefore, a question of first impression in so far as this court is concerned.

It is the settled law in this state that an action by a patient against a physician and surgeon for injuries sustained by the former, by reason of the negligent or unskilled treatment of the latter, is an action sounding in tort and not upon a contract. Such an action is therefore barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure one year after the date of the injury. (*Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520 [171 Pac. 98]; *Kershaw* v. *Tilbury,* 214 Cal. 679 [8 Pac. (2d) 109].) In the case of *Gum* v. *Allen, supra,* the action was based upon the negligence of the attending surgeon in leaving a gauze pack within the abdominal cavity of the patient after the operation was completed. The action was not begun until more than a year after the operation, but was begun within a year from the time the pack was removed, which was the

first knowledge the plaintiff had that it had not been removed at the conclusion of the operation. The defendant pleaded the bar of the statute. Its plea was sustained, and the judgment of the trial court was affirmed on appeal. The case is then in principle much like the instant case. That case in turn relied upon the case of *Wetzel* v. *Pius,* 78 Cal. App. 104 [248 Pac. 288], where the act of negligence charged against the attending surgeon was the improper setting of a fracture of the femur bone of the patient's leg. It was there held that where an act of negligence, such as the improper setting of the femur bone, causes damage, the cause of action is complete and cannot be split up so as to give a separate and independent action because of subsequent acts which merely aggravate the damage already done, or later developments which add new elements of damage. It was further held that such subsequent acts or developments will not revive the cause of action for the ordinary injury if the same has become barred.

The present case we think may readily be distinguished from the case of *Wetzel* v. *Pius, supra,* as in the instant case the operation, in so far as it consisted in opening the abdomen, removing the diseased organ, closing the wound and leaving in the abdominal cavity the drainage tube, was properly performed. The alleged negligence of the respondent happened after all these acts were completed. This negligence consisted in leaving the drainage tube in the abdominal cavity after the purpose for which it had been left therein had been fully accomplished. This negligence continued up to the time of its removal on September 26, 1932, and it is contended appellants' cause of action did not accrue until that date. While we find no California cases holding to the contrary except the case of *Gum* v. *Allen, supra,* neither do we find any supporting authority in the decisions of this state. In other jurisdictions, however, the question has been given consideration with the following results.

In the case of *Sly* v. *Van Lengen,* 120 Misc. 420 [198 N. Y. Supp. 608, 610], a sponge was left within the body of the patient, and not removed until two and one-half years thereafter. It was held that the patient's cause of action accrued upon the removal of the sponge. In its decision the court stated the law as follows: "It will be noted that the com-

plaint alleges that the injuries complained of were occasioned, not only because defendant closed the incision without removing the sponge from plaintiff's pelvic cavity, but also because defendant negligently allowed the foreign substance to remain in plaintiff's body from day to day for upwards of 2½ years, while he continued to treat her. Accepting the allegations of the complaint as true, plaintiff's cause of action accrued as much by reason of the alleged continuous breach of duty on the part of the defendant in treating the plaintiff up to September, 1921, and in failing to remove the sponge, as it did because of the alleged negligent act of the defendant on the day of the operation, when he sewed up the opening without removing the foreign substance. According to the complaint the tort was a continuing one. 'Where the tort is continuing, the right of action is also continuing.' Moak's Underhill on Torts, p. 69.''

In that case the court refers to the case of *Gillette* v. *Tucker*, 67 Ohio St. 106 [65 N. E. 865, 93 Am. St. Rep. 639]. In this latter case we found the following apt statements: ''Therefore if we call malpractice a tort in this case, it is a tort growing out of a breach of contract which the law implies from the surgeon's employment and undertaking to perform the operation. We have seen that it was a continuous obligation and recognized by the law, and it was alive and binding so long as the relation of physician and patient subsisted. If so, it was the ever present duty of the surgeon to remove the sponge from the body of the patient. It was a constant and daily obligation to use ordinary skill and care, and if by omission or negligence he had left a foreign substance within the walls of the incision at the operation, it behooved him to afford timely relief. Neglect of this duty imposed by a continuous obligation was a continuous and daily breach of the same, and as the facts show, caused continuous, increasing, daily and uninterrupted injury.

''Should she have brought her action immediately following the sewing up the walls enclosing the sponge? If she had done so, there were as yet, no injurious consequences, and but nominal, if any damages, could have been recovered. The injury consisted not so much in leaving the sponge within the cavity, as negligently, continuing it there, or, allowing it to remain there from day to day for about a year and until he dismissed her from his attentions. The grievance of the

plaintiff was not alone confined to the negligence in the opera-
tion, but also in the painful consequences which followed, and
which, as he repeatedly assured her, would soon disappear,
if she would but patiently wait.

"If the doctrine is sound, and we think it is, the mere
closing of the incision in question over the sponge was not
the plaintiff's cause of action, if no injurious consequences
followed. But if evil consequences followed, and plaintiff
was injured, her cause of action accrues when her injuries
occurred; and if these injuries blended and extended during
the entire period the surgeon was in charge of the case, her
right of action became complete when the surgeon gave up
the case without performing his duty.

"Indeed, it would be inconsistent to say, that the plaintiff
might sue for her injuries while the surgeon was still in
charge of the case and advising and assuring her that proper
patience would witness a complete recovery. It would be
trifling with the law and the courts to exact compliance with
such a rule, in order to have a standing in court for the vin-
dication of her rights. It would impose upon her an im-
proper burden to hold, that in order to prevent the statute
from running against her right of action, she must sue while
she was following the advice of the surgeon and upon which
she all the time relied.

"The facts in the case at bar show a continuous obligation
upon the plaintiff in error, so long as the relation or employ-
ment continued, and each day's failure to remove the sponge
was a fresh breach of the contract implied by the law. The
removal of the sponge was a part of the operation, and in
this respect the surgeon left the operation uncompleted. See
*Akridge* v. *Noble*, 114 Ga. 949 [41 S. E. 78], where this is
expressly held."

Respondent contends that the case of *Gillette* v. *Tucker*,
*supra*, has been repudiated by this court. We do not so
understand our decisions. Respondent relies upon the cases
of *Krebenios* v. *Lindauer*, 175 Cal. 431 [166 Pac. 17], and
*Harding* v. *Liberty Hospital Corp.*, *supra*. In the first of
these two cases the court held that *Gillette* v. *Tucker* was
not relevant to any question involved in that case, and in
the latter of said cases, where the question for decision was
whether the action against the hospital for the negligent
treatment of a patient's fractured leg was an action *ex con-
tractu* or an action *ex delicto*, and where the court held it

was an action *ex delicto,* the court said (p. 523): "In this latter case (*Krebenios* v. *Lindauer*) the court refers to and disposes of the case of *Gillette* v. *Tucker,* 67 Ohio St. 106 [65 N. E. 865, 93 Am. St. Rep. 639], upon which the appellant particularly relies. That was a case of malpractice on the part of a physician, which consisted in the careless leaving of a sponge in the patient's wound after an operation. The court called attention to the fact adverted to by the Ohio tribunal in its decision of said case, that the neglect of the physician was that of leaving the sponge in the wound until a period within the statute, during which his treatment of the case continued, but that in that case the Ohio tribunal held the action to be one *ex delicto.*" The court then went on to analyze the case before it where there were direct and positive averments in the complaint that the negligent acts of the physician (the improper setting of a broken leg) which caused the immediate injury, accrued on a definite date, and "that the plaintiff's damage was solely referable thereto". Rather than discrediting the case of *Gillette* v. *Tucker, supra,* we think our former decision might well be held to have approved the rulings therein.

The foregoing authorities, in our opinion, announce a just and most equitable rule, and we are disposed to follow them. The case now before us is much stronger than either of the cases from the New York and Ohio courts. In each of those cases, the negligent act consisted in not removing the sponge from the body of the patient at the time of the operation. It might be well said that the negligence involved in those cases occurred in the performance of the operation. In the present case the operation, up to the closing of the wound and the leaving of the drainage tube therein, was entirely proper. The negligence occurred thereafter, by reason of the surgeon neglecting to remove the tube left in the patient's wound after it had served its purpose. This negligence continued during the entire time the tube was left in the body of the patient, and only ended upon the removal of said tube. With much greater reason than that which prompted the Ohio and New York courts to hold as they are shown to have done, cannot this court now hold that the surgeon's negligence continued up to the removal of said tube, and that the appellants' cause of action then accrued and would not be barred until one year thereafter? Such is the holding of this court

which necessitates the overruling of the case of *Gum* v. *Allen, supra.*

█ There is another principle supported by eminent authority upon which it might be held that appellants' cause of action is not barred, and that is, that an operation like that performed upon Mrs. Huysman is not complete until the wound has been closed and all appliances used in the operation have been removed.

In the case of *Barnett's Admr.* v. *Brand,* 165 Ky. 616, 622 [177 S. W. 461], the court states this principle as follows: "In performing an operation it is the duty of the surgeon to exercise reasonable care and skill. The operation begins when the incision is made, and ends when the opening has been closed in the proper way, after all the appliances necessary to a successful operation have been removed from the body. Throughout the operation the law imposes on the surgeon the duty of exercising reasonable care and skill. The removal of the sponges or packs is a part of the operation, and an operation cannot be said to be concluded until such removal takes place." In that case the sponge was left in the body only two days, but upon the surgeon attempting the removal of it, the patient died.

In the case of *Akridge* v. *Noble,* 114 Ga. 949, 959 [41 S. E. 78, 81], the court used similar language as follows: "It seems to us that the operation begins when the opening is made into the body and ends when the opening has been closed in a proper way necessary to a successful operation after all appliances have been removed from the body. From the time the surgeon opens with his knife the body of his patient until he closes in a proper way the wound thus made, the law imposes upon him the duty of exercising not only due care but due skill as well. During the entire time he must not only know what to do but he must do it in a careful and skillful manner." In that case a sponge was left in the body of the patient and remained there for over a year, and was finally passed out of the body through the rectum. Upon the principle announced in these cases, the appellants' cause of action is not barred. In neither of these cases, however, was the question of the statute of limitations an issue.

In the case of *Marsh* v. *Industrial Acc. Com.,* 217 Cal. 338 [18 Pac. (2d) 933, 86 A. L. R. 563], an award by the commission was before this court in which the commission denied

compensation in one case to an employee, and in the other two cases to the dependents of employees, who were injured in the course of their employemnt by inhaling dust laden atmosphere resulting in the serious impairment of the health of one, and the death of the two others. Compensation was denied in all three cases on the ground that the causes of action were barred by the six months' limitation in one case and the year's limitation in the other within which proceedings might be begun for compensation after the date of the injury. We annulled the awards, and held that the date of the injury was not the date of the exposure, nor even the date of the last exposure to the dust laden atmosphere, but rather the time when the employees became aware that their injuries were due to such exposure, or when by the exercise of reasonable care and diligence they might have ascertained that fact. In other words, we held that the statute of limitations did not run against these employees until they knew the causes of their injury, or by reasonable care and diligence should have known the cause of their injury. Our decision was amply supported by authorities from many jurisdictions.

The principle running through all these authorities, and approved by our decision, was that the statute of limitations should not run against an injured employee's right to compensation during the time said person was in ignorance of the cause of his disability and could not with reasonable care and diligence ascertain such cause. If we apply this principle to the facts in the present action, the same results will follow as the appellants in this action had no knowledge of the presence of the drainage tube in the body of Mrs. Huysman until it was removed therefrom by the respondent on September 26, 1932. During all this time she was under the exclusive care of the respondent, a reputable and skilful physician and surgeon, and both Mrs. Huysman and her husband relied solely upon him for information as to her physical condition and as to her failure to regain her health. It cannot be said, therefore, that they had any knowledge whatever of the cause of her failure to recover from the operation, or that they could have gained that knowledge by the exercise of due care and diligence prior to September 26, 1932. Before that date they were as completely in the dark as to the cause of Mrs. Huysman's injury as were Marsh and his fellow workers while they were inhaling the dust

laden air in their employer's factory until the disease result-ing therefrom had reached such a stage as to indicate its cause. We can see no good reason why, if the statute of limitations did not begin to .run in one case, that it should run in the other. There is one very material element present in the case before us which was lacking in the Marsh case. In that case the ignorance of the employees was due to the nature of the business in which they were employed and not. to any improper or negligent act of their employer. In the present case, the ignorance of the appellants as to Mrs. Huys-man's condition was due solely to the negligent act of the respondent. This fact in our opinion makes the present action even stronger than the Marsh case in respect to the running of the statute. The Marsh case was not cited by counsel for either of the parties herein, nor was the principle therein approved advanced in support of the appeal. We, however, consider that the case is applicable to the question involved in the present action, and have for that reason in-cluded it in the discussion of the appeal.

The question. of fraudulent concealment as affecting the right of respondent to plead the statute of limitations has not entered into our discussion for the reason that appellants in their supplemental brief express doubt that, even if the complaint sufficiently alleged that respondent knowingly allowed said tube to remain in the patient's body, and there-fore fraudulently concealed that fact from the appellants, they might be able to produce proof of the truth of said alle-gation. It would therefore be a useless proceeding to reverse the judgment on the ground that the complaint was sufficient in that respect and then upon a retrial to have judgment again rendered against the appellants herein due to their failure to prove the allegations of their complaint. █ However, statements of counsel in their briefs relative to the evidence which may be produced at the trial have no bearing upon the question of the sufficiency of a complaint, and cannot be considered by the court in passing upon that question. (*Stone* v. *Imperial Water Co.*, 173 Cal. 39, 43 [159 Pac. 164].)

For the reasons expressed herein, the judgment is reversed.

Waste, C. J., Shenk, J., Seawell, J., and Conrey, J., con-curred.