Lillian Sly, Plaintiff, *v.* N. Warner Van Lengen, Defendant.

Supreme Court, Onondaga County, March, 1923.

Physician and patient — malpractice — surgical operation — action accrues at termination of services — when action not barred under section 50 of the Civil Practice Act.

Under section 50 of the Civil Practice Act an action to recover damages for alleged malpractice must be commenced within two years after the cause of action accrued.

The complaint alleges that the defendant, a physician, after consultation with plaintiff on November 27, 1918, advised an operation and upon removing a tumor from her abdomen negligently left in her body a gauze sponge used in connection with the operation and closed the opening without removing the sponge. The complaint in an action for malpractice alleged that after the operation the defendant continued his retainer and treated plaintiff for more than two and one-half years and up to September 28, 1921, during all of which time he knowingly, carelessly and negligently permitted said foreign substance to remain in plaintiff's pelvic cavity, and that by reason of such acts on the part of defendant plaintiff suffered the injuries of which she complains. *Held*, that a motion to dismiss the complaint upon the ground that the cause of action alleged did not accrue within the time limited for the commencement of such an action will be denied.

*Gillette* v. *Tucker*, 67 Ohio St. 106, followed.

The action having been commenced within two years from the termination of the services performed by defendant, was not barred by section 50 of the Civil Practice Act.

Motion by defendant for judgment pursuant to rule 107 of the Rules of Civil Practice.

*Whiteside & Stryker* (*Robert Oliver*, of counsel), for motion.

*Earl S. Steele* (*Edward W. Cregg*, of counsel), opposed.

Edgcomb, J. Defendant moves, pursuant to rule 107 of the Rules of Civil Practice, for judgment dismissing the complaint, upon the ground that the cause of action set forth in that pleading did not accrue within the time limited by law for the commencement of an action thereon.

The defendant is a physician residing in the city of Syracuse. The plaintiff, one of his patients, brings this action to recover damages for his alleged malpractice. In order to recover she must have commenced this action within two years after the cause of action accrued. Civil Practice Act, § 50; *Hurlburt* v. *Gillett*, 96 Misc. Rep. 585; affd., upon the opinion of Mr. Justice Kapper at Special Term, 176 App. Div. 893; *Frankel* v. *Wolper*, 181 id. 485.

The determination of this motion, therefore, depends upon

whether the cause of action accrued within two years immediately prior to February 1, 1923, when this action was commenced. The complaint alleges that prior to November 27, 1918, the plaintiff was sick, and on that date consulted the defendant, and engaged him to treat her for her malady, and that pursuant to such retainer the defendant advised an abdominal operation, which he subsequently performed on the 30th of November, 1918, opening plaintiff's abdomen and removing a tumor therefrom, and that he used certain gauze sponges in connection with such operation and carelessly and negligently left one in plaintiff's body and closed the opening without removing the sponge therefrom. The complaint further alleges that after said operation the defendant continued his retainer and treated the plaintiff for more than two and a half years, and up to September 28, 1921, during all of which time he knowingly, carelessly and negligently permitted said foreign substance to remain in plaintiff's pelvic cavity. The pleading further alleges that, by reason of defendant's act in closing the incision with the sponge inside the plaintiff's body and by reason of defendant permitting said foreign substance to remain inclosed in such cavity during the time he continued to treat her, she suffered the injuries of which she complains.

Defendant insists that his malpractice, if any, occurred at the time of the operation, when the incision was made and subsequently closed without removing the sponge, and that, inasmuch as such act occurred on the 30th of November, 1918, more than four years before the commencement of the action, plaintiff is forever barred and foreclosed from maintaining this action by reason of the provisions of section 50 of the Civil Practice Act. Plaintiff, however, claims that the contract which she made with the defendant required a continuation of his services, and that for upwards of two and a half years after the operation he cared for her, and that it is an entire contract to treat her until she recovered from her malady, and that, therefore, the time within which she could commence an action for the alleged negligent manner in which defendant performed his services commenced to run from the termination of such services, viz., September 28, 1921, and that the action, having been commenced within two years from that date, is not barred by the Statute of Limitations.

This precise question seems to have been decided in favor of the plaintiff's contention by the Supreme Court of the state of Ohio in *Gillette* v. *Tucker*, 67 Ohio St. 106, in an action similar in all respects to the one at bar. In that case the defendant operated upon the plaintiff for appendicitis, and closed the incision without removing one of the sponges used in the operation. The defendant

continued to treat the plaintiff, but neglected to remove or to attempt to remove the foreign substance. The Ohio statute provides that an action for malpractice must be commenced within one year after the cause of action accrued. The action was commenced more than one year from the date of the operation, but less than twelve months after the defendant ceased to treat the plaintiff. It was held that the limitation did not begin to run against plaintiff's right to maintain the action until the case had been abandoned by the defendant, or the professional relationship terminated. It is impossible to distinguish the *Gillette* v. *Tucker* case from the one at bar, and I feel constrained to follow the rule therein laid down.

If it should appear upon the trial that the injury from which plaintiff is suffering was inflicted at the time of the operation and was not occasioned in any manner by the subsequent treatment of the plaintiff, nor by any neglect on his part after the operation, a different situation would arise. Upon the decision of this motion, however, it is unnecessary and would be improper to anticipate what the evidence upon the trial will show. This motion must be determined solely upon the allegations of the complaint They must be assumed to be true, and the plaintiff is entitled to the most favorable inference which can properly be drawn therefrom. It will be noted that the complaint alleges that the injuries complained of were occasioned not only because defendant closed the incision without removing the sponge from plaintiff's pelvic cavity, but also because defendant negligently allowed the foreign substance to remain in plaintiff's body from day to day for upwards of two and a half years while he continued to treat her. Accepting the allegations of the complaint as true, plaintiff's cause of action accrued as much by reason of the alleged continuous breach of duty on the part of the defendant in treating the plaintiff up to September, 1921, and in failing to remove the sponge, as it did because of the alleged negligent act of the defendant on the day of the operation when he sewed up the opening without removing the foreign substance. According to the complaint the tort was a continuing one. " Where the tort is continuing, the right of action is also continuing." Moak's Underhill Torts, 69.

It follows that the motion should be denied, with costs.

Ordered accordingly.