CATHERINE NERVICK et al., Plaintiffs, *v.* ABRAHAM FINE, Defendant.

Supreme Court, Special Term, Kings County, February 7, 1949.

*Desmond T. Barry* for defendant.
*Vincent J. Gallo* for plaintiffs.

WALSH, J. Defendant moves pursuant to rule 107 of the Rules of Civil Practice for judgment dismissing the complaint upon the ground that the cause of action set forth therein did not accrue within the time limited by law (Civ. Prac. Act, § 50) for the commencement of an action thereon.

The defendant, a physician, is sued for his alleged malpractice in the treatment of the plaintiff. The defendant in his answer, as an affirmative defense, alleges that the action is barred by the Statute of Limitations.

The undisputed facts briefly are as follows: Plaintiff, suffering from an ear ailment, retained and employed the defendant to advise, treat and operate upon her to alleviate the condition she was suffering from. This arrangement was made during the latter part of 1943. The plaintiff alleges that the defendant operated on her on November 19, 1944. Defendant now concedes that the operation took place on November 19, 1943, as shown

by the hospital records. Plaintiff contends that though the operation was performed on November 19, 1943, the agreement of employment required a continuance of the defendant's services after the operation and that plaintiff continued as the defendant's patient with respect to the postoperative treatments until April, 1944, and " several months thereafter."

The defendant, on the other hand, while admitting the operation on November 19, 1943, alleges that plaintiff was his patient only until December, 1943, and that his malpractice, if any, occurred at the time of the operation and not after the completion of the treatments as alleged by the plaintiff.

The action was commenced on March 21, 1946. The issue thus presented is whether the two-year Statute of Limitations began to run from the date of the operation or upon the expiration of the last treatment.

Research has failed to disclose any appellate holding where the issue in the instant case had been categorically presented and determined. However, in *Sly* v. *Van Lengen* (120 Misc. 420), the court held the limitation did not begin to run against the plaintiff's right to maintain the action until the termination of the treatments. This court adopts the view that the limitation should not begin to run until the malpractice has terminated. This might be at the end of one operation, or at the end of a series of operations, or at the end of the postoperative care. The malpractice might be malfeasance, misfeasance or nonfeasance in the operation or in the aftercare. The court cannot lay down a hard and fast rule that the act of malpractice was in the operation alone or that it was also in the aftercare, or in both. These are questions of fact.

The brief submitted by the moving defendant demonstrates nothing to the contrary, but consists of arguments based on citations which are inapposite in their facts or clearly distinguishable in law. The majority of the cases cited by the defendant stand for the proposition that the Statute of Limitations commences to run when the act of malpractice occurred and not when the patient discovered the existence of the fact.

In the case of *Conklin* v. *Draper* (229 App. Div. 227, affd. 254 N. Y. 620), cited by the defendant and heavily relied upon by him, and where the *treatment* of the plaintiff ceased after the act of malpractice, the Appellate Division stated (p. 229) : " The present action was begun within two years after the discovery by the plaintiff of the fact that the forceps had been left in her body, but not within two years after the operation or *treatment*

by the defendant. * * * The action was not commenced until four years after the operation took place and after the defendant *attended and rendered services* to the plaintiff. The time within which to bring such an action being limited to two years, the Statute of Limitations is a bar." (Emphasis added.)

In the memorandum opinion affirming the decision of the Appellate Division, the statement prepared by the State Reporter from the appeal papers reads as follows: " The action, commenced July 5, 1929, was to recover for alleged malpractice committed on or about May 27, 1925, *it being conceded that the defendant did not attend or treat the plaintiff subsequent to June 10, 1925.*" (Emphasis added.)

It would thus appear that if the identical situation as presented in the instant case were to be presented to the appellate courts, the view above given would be adopted and the cause of action not considered to have accrued until the date of the last act of malpractice by the defendant.

The allegations of the complaint charge the defendant with malpractice not only in the performance of the operation but also in the postoperative treatments. However, as indicated by the court in *Sly* v. *Van Lengen* (*supra*, p. 422) : " If it should appear upon the trial that the injury from which plaintiff is suffering was inflicted at the time of the operation and was not occasioned in any manner by the subsequent treatment of the plaintiff, nor by any neglect on his part after the operation, a different situation would arise."

There being a question of fact presented as to the date of the last act of malpractice, such question cannot be decided upon the papers submitted. Under these circumstances, the motion is denied. Settle order.