Harold Tessler, J.
In this action, brought against eight doctors and a hospital for alleged malpractice, three motions are now made: (1) by defendant hospital and defendants Douglas and Palmer, appearing specially, for an order setting-aside the service of the summons on the ground that it was never personally served upon any of them; (2) by defendant Baker for an order dismissing the action as barred by the Statute of Limitations and (3) by defendant Warensky for an order dismissing the action as barred by the Statute of Limitations.
*42 The plaintiff entered the hospital for medical and operative care on October 16, 1957, and remained there until October 29, 1957. She re-entered the hospital on November 16, 1957, and was discharged on December 3, 1957.
It is conceded that a summons was served on Dr. Warensky on November 16, 1959, and on Dr, Baker on November 20, 1959. The Statute of Limitations for malpractice is two years (Civ. Prac. Act, § 50, subd. 1). The time is computed from the date when the doctor last treated the patient. (Nervick v. Fine, 195 Misc. 464, affd. 275 App. Div. 1043; Sly v. Van Lengen, 120 Misc. 420.)
It is not denied that the one and only time that Dr. Baker rendered any service to the plaintiff was on October 17, 1957, when he exámined and made a diagnostic interpretation of X rays taken of the plaintiff. It is not disputed that Dr. Warensky rendered post-operative care from October 18, 1957, to October 27, 1957, which was the last day that he attended the plaintiff. Obviously, Drs. Baker and Warensky were not served with a summons within two years from the last treatment rendered by either of them.
Plaintiff claims, however, that all the defendant doctors are united in interest and that service upon one of them tolls the statute as to all. To be united in interest, the parties need not be joint contractors but their interest must be such that they stand or fall together, that judgment against one would similarly affect the others. (Prudential Ins. Co. v. Stone, 270 N. Y. 154, 159.) That is not the case here. It is apparent that one doctor may have been negligent while others may not have been. It follows that the unity of interest doctrine has no application. here. The 'notions of Drs. Baker and Warensky to dismiss the complaint as barred by the Statute of Limitations are granted.
As to the motion to set aside the service of the summons, plaintiffs’ process server admits that he did not serve the secretary-treasurer of the hospital corporation. He called at the office of Mr. Payson, secretary of the hospital corporation, but was informed that he was not in. A Miss Mark, who spoke with him, identified herself as Mr. Payson’s secretary. He thereupon served the summons on her. Her office as secretary to Mr. Payson, who was secretary to the hospital, did not make her assistant secretary to the hospital. This service did not constitute valid service upon the hospital. (Baker v. New York Central R. R. Co., 258 App. Div. 854.)
Similarly, the process server, who claims to have served Dr. Palmer, admits that he gov» the summons to the doctor’s secre *43 tary, who told him that she was instructed to receive it. Admittedly, he never saw the doctor. This does not constitute valid service. (Wiener v. Ravekes, 241 App. Div. 774.)
"While Dr. Douglas and his secretary claim that he was never served but that the summons was left with her, the process server claims that he handed the summons to Dr. Douglas personally. Under such circumstances, there is an issue of fact which cannot be resolved on affidavits. A hearing must be held, Accordingly, that branch of the motion will be referred to an Official Referee to hear and determine.
The motions of Dr. Baker and Dr. Warensky to dismiss the complaint as barred by the Statute of Limitations are granted.
The motion of the defendant hospital and Drs. Palmer and Douglas to vacate service of process is granted as to the defendant hospital and Dr. Palmer; insofar as that motion affects Dr. Douglas, it is respectfully referred to an Official Referee to hear and determine.