William B. Groat, J.
In this action to recover damages for personal injuries allegedly sustained as the result of malpractice of defendant physician Hill and the negligence and malpractice of his employer, defendant The New York Hospital, the latter moves pursuant to rule 107 of the Buies of Civil Practice for judgment dismissing the complaint against it upon the ground that the causes of action set forth therein did not accrue within the time limited by law for the commencement of an action thereon.
It appears that on August 19, 1947, plaintiff, a patient in defendant hospital, was operated on by defendant Hill, a physician on the hospital staff, for a chronic duodenal ulcer. It is alleged that during the course of the operation defendants failed to remove a “sponge” from the plaintiff’s stomach. Thereafter, plaintiff was continually treated in the hospital’s surgical clinic until Aprl 17, 1955, at which time his record was closed. In April, 1960 plaintiff entered the defendant hospital for exploratory surgery, during the course of which a laparotomy pad or “ sponge ” was discovered and removed.
Plaintiff commenced this action against the hospital on September 1, 1961, by service of the summons and complaint. *395 Defendant Gill has not been served since he is presently outside of the jurisdiction of the court and apparently has continually remained outside this jurisdiction since 1948.
In opposition to the motion, plaintiff seeks to avoid the applicability of the two-year Statute of Limitations in malpractice actions (Civ. Prae. Act, § 50, subd. 1) on two grounds. Initially, he concedes that decisions in New York have uniformly held that the Statute of Limitations in malpractice cases begins to run from the date of malpractice, i.e., when the foreign body is left in the patient (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620; Ranalli v. Breed, 251 App. Div. 750, affd. 277 N. Y. 630) or, applying the continuous treatment theory, from the date of termination of the professional relationship between physician and patient in respect to the medical case affected by the malpractice (Sly v. Van Lengen, 120 Misc. 420; Nervick v. Fine, 195 Misc. 464, affd. 275 App. Div. 1043), but urges that in 1960 the Court of Appeals in Hammer v. Rosen (7 N Y 2d 376) departed from these earlier cases. In Hammer, the Court of Appeals held that plaintiff’s cause of action for malpractice was not barred by the statute since (a) she was still insane when the suit was commenced, and (b) her evidence indicated that the beatings complained of were part of a continuing course of psychiatric treatment which did not terminate until the year in which the action was begun. In support of the latter alternative holding, the court cited Nervick v. Fine (supra), Sly v. Van Lengen (supra), and five cases from other jurisdictions, all of which adhered to New York’s traditional view of the continuous treatment theory. Plaintiff has, however, seized upon one of these cases, namely, Huysman v. Kirsch (6 Cal. 2d 302) and contends that since this case goes further than New York in holding that treatment cannot terminate until a foreign body has been discovered and removed, the Court of Appeals has, by citing this case, changed the New York rule. The court finds plaintiff’s position untenable. While the Court of Appeals did cite the Huysman case, it did so in support of this State’s traditional continuous treatment theory as enunciated in Sly v. Van Lengen (supra), and in so doing was careful to refer to pages 307 through 308 of the Huysman opinion which discusses the New York view. If plaintiff’s position is to be accepted, this court must not only hold that treatment cannot terminate until a foreign body has been removed but also that the statute does not commence to run until the patient has discovered or by reasonable diligence should have discovered that a foreign substance was left in his body, since California has in later cases adopted this rule based on the Huysman opinion (6 Cal. 2d 302, *396 supra; see Bowers v. Olch, 120 Cal. App. 2d 108). Moreover, as already noted, the citing in the Hammer case (7 N Y 2d 376, supra) of Nervick v. Fine (supra) and Sly v. Van Lengen (supra) would negate plaintiff’s contention.
The court is cognizant of the oftentimes unjust and inequitable consequences of the New York law but is nevertheless constrained to follow it. Recently the Supreme Court of New Jersey in Fernandi v. Strully (35 N. J. 434) overruled earlier cases and adopted the present California view as enunciated in Bowers v. Olch (supra). The court, however, was careful to point out that the New Jersey State Legislature never expressed itself as to the effect to be given under the statute to the fact that the injury was not known to or discoverable by the injured party within the period of two years. In the State of New York, however, our Legislature has on many occasions been presented with an opportunity to liberalize the period of limitation in malpractice cases. Some 20 years ago the New York Law Revision Commission recommended to the Legislature the adoption of a bill that would reduce the period of limitation in a malpractice action to one year provided that “ The cause of action in such a case is not deemed to have accrued until the discovery by the injured person of the facts constituting the malpractice, but this provision shall not permit commencement of such an action after six years from the occurrence of such malpractice.” (1942 Report of N. Y. Law Rev. Comm., pp. 135, 167.) The bill was never reported out of the committees of the Senate and Assembly. (1942 Report, supra, p. 772.) In 1958 a recommendation was made to the Legislature that actions for malpractice be governed by the period governing actions to recover for negligence (three years). (1958 Report of Temporary Comm, on Courts, Second Preliminary Report of Advisory Committee on Practice and Procedure, p. 71.) Even this slight liberalization was never approved by our Legislature. Under these circumstances the court, although mindful and most sympathetic to plaintiff’s deprivation of his day in court, cannot, in view of conceded legislative reluctance, hold to the contrary.
Plaintiff’s alternate ground of opposition to the motion is based upon his contention that defendant doctor, having departed from the State and having remained continually absent therefrom since 1948, the statute has not run against him (Civ. Prac. Act, § 19) and since he was an employee of defendant hospital, thus united in interest with it (Civ. Prac. Act, § 16), the statute has not run against the hospital.
The court is of the opinion that by accepting plaintiff’s reasoning .section 16 would be incorporated into section 19 of the Civil Practice Act, thereby tolling the Statute of Limitations *397 not only as to a defendant who has departed from the State hut also as to all those who are united in interest with him. Such, however, would not appear to be a reasonable construction of the statute. Plaintiff cannot now attempt to invoke against defendant hospital a provision designed solely to facilitate service on defendants not accessible to process. The cases relied upon by plaintiff (Plumitallo v. 1407 Broadway Realty Corp., 279 App. Div. 1019; Pandolfo v. Ansbro, 10 Misc 2d 51; Diver v. Jeivish Hosp. of Brooklyn, 18 Misc 2d 231) are not to the contrary. In all of these cases the action was timely commenced against a defendant who was united in interest with others subsequently but untimely served. The facts in the case at bar concern a defendant against whom an untimely action is commenced in the first instance. Accordingly the motion is granted.