James A. Roe, Jr., J.
This is an application by the defendant, a domestic corporation, to set aside the service of the summons in the instant action.
The defendant contends that a receptionist in its employ, Minnie Nachamkin, whose sole duties involve the receipt of mail, some typing and the reception of visitors and business personnel, found a legal paper which had been deposited upon her desk, which she later brought to the assistant manager who discovered that the paper was a summons which was to be served upon the defendant. Thus, argues the defendant, the summons was not served upon a person connected with the corporation within the meaning of subdivision 8 of section 228 of the Civil Practice Act, or authorized to accept service on behalf of the corporation; consequently, the service of the summons herein is invalid.
Plaintiffs, in opposition, contend that on the day the service was allegedly made between 12 noon and 1:00 p.m., their attorney appeared at the reception desk in the defendant’s office where two women were seated and inquired as to who would accept a summons to be served on the defendant; that one of the women indicated she would accept it whereupon the summons was handed to her; that person indicated that her name was Mary *1061 Gold; that plaintiffs’ attorney did not have any transaction with Minnie Nachamkin; and that thereafter plaintiffs’ attorney received a call from an attorney inquiring as to the nature of the action.
The plaintiffs, citing cases as authority, contend that the service was made upon a receptionist who was apparently left in sole charge of the office during a lunch hour and who, on the same day, delivered the summons to a person within the meaning of subdivision 8 of section 228 of the Civil Practice Act or authorized to receive service on behalf of the corporation; that in any event, the circumstances herein indicate that service was effected in a manner authorized by the corporation; thus, the service of the summons is valid.
In Green v. Morningside Hgts. Housing Corp. (13 Misc 2d 124, affd. 7 A D 2d 708) it was held that the service of a summons upon a receptionist, who immediately, in turn, gave said summons to a person in the corporation within the meaning of subdivision 8 of section 228, or authorized to receive such service on behalf of the corporation, was valid, where the interim between the delivery and the turning over of the summons is so close, both in time and place, that it can be classified as part of the act of original delivery. On the other hand, in Clark v. Fifty Seventh Madison Corp. (13 A D 2d 693, revg. 210 N. Y. S. 2d 132), it was held that service upon a person not within the meaning of subdivision 8 of section 228 of the Civil Practice Act or authorized to accept service on behalf of the corporation was invalid, even though on the same day the summons was eventually delivered to a proper person. (See Piedmont v. Society of N. Y. Hosp., 25 Misc 2d 41; see, also, Baker v. New York Cent. R. R. Co., 258 App. Div. 854.)
Furthermore, it has been held that the service of a summons upon an employee of a corporation, although not a person within the meaning of subdivision 8 of section 228 was valid if the employee was authorized to receive service on behalf of the corporation. (Olsen v. Jacklowitz, 247 App. Div. 753.)
In the case at bar the court cannot determine from the papers submitted herein the precise factual situation concerning the manner in which the purported service herein was made and thus cannot presently make an informed disposition of the matter with respect to the validity of the service on the defendant.
Accordingly, the matter is referred to Special Referee, Honorable Samuel S. Tripp, to hear and report, and the final determination of this application will be held in abeyance pending that report.