*957 OPINION OF THE COURT
Harry R Brown, J.
This is an application by defendants for an order pursuant to CPLR 3211 (a) (5) dismissing the complaint herein as barred by the applicable Statute of Limitations. However, in view of the fact that issue has already been joined, defendants’ motion is more properly a motion for summary judgment dismissing the complaint and the court, in its discretion, will treat it as such (CPLR 3211 [c]).
This action was commenced by plaintiff seeking recovery for personal injuries allegedly sustained on May 17, 1983 when a motor vehicle operated by plaintiff came in contact with a motor vehicle operated by defendant Anthony Copertino (hereinafter Copertino) and owned by defendant Town of Babylon (hereinafter the Town). It is conceded by the Town that the vehicle was being operated with the permission and consent of the Town and in the course of and within the scope of Copertino’s duties as an employee of the Town.
In support of their present application, defendants point to the provisions of General Municipal Law § 50-i which provides that actions against a municipal defendant must be commenced within one year and 90 days after the happening of the event upon which the claim is based. Defendants further state that because defendant Copertino is being sued for negligence allegedly occurring during the scope of his employment, the provisions of General Municipal Law § 50-i apply to plaintiff’s case against him as well. Defendants note that the event which forms the basis of this lawsuit occurred on May 17, 1983 and further note that the Statute of Limitations as to both defendants, therefore, expired on August 14, 1984. However, service was not made on the Town until August 17, 1984 and, apparently, service was never effected upon Copertino.
Based upon this untimely service, defendants ask that plaintiff’s complaint be dismissed.
In opposition to defendants’ motion, plaintiff asserts that in view of the fact that Copertino died on July 19, 1984, the Statute of Limitations in this action was tolled for a period of 18 months pursuant to CPLR 210 (b). Plaintiff argues that by virtue of this provision, the Statute of Limitations was extended beyond August 14, 1984 and that the subsequent service upon the Town on August 17, 1984 was, therefore, timely.
In this court’s opinion, defendants’ motion for summary *958 judgment dismissing the complaint must be granted. Plaintiffs causes of action against both defendants are time barred.
Plaintiff argues in opposition to this motion that the death of the individual defendant prior to the expiration of one-year and 90-day Statute of Limitations tolled the Statute of Limitations as to both defendants for a period of 18 months pursuant to CPLR 210 (b). In support of this argument, plaintiff contends that inasmuch as Copertino was acting within the scope of his employment at the time of the accident, the Town is the real party in interest and defendant Copertino only a "nominal defendant”. It is plaintiffs conclusion that in light of the Town’s obligation to indemnify defendant Copertino, the "Town and the individual defendant are one and the same party and entity” and, therefore, the death of defendant Copertino on July 19, 1984 tolled the Statute of Limitations as to all defendants.
General Municipal Law § 50-b does provide that towns shall be liable and shall assume the liability for the negligence of and shall save harmless a person employed by it who was acting in the discharge of his duties and within the scope of his employment. And, because of the provisions of this section, it is clear to this court that defendant Town and defendant Copertino are parties who are united in interest as that term is used in CPLR 203 (see, La Bay v White Plains Hosp., 97 AD2d 432; Plumitallo v 1407 Broadway Realty Corp., 279 App Div 1019). Therefore, had timely service been made upon one of the parties, service upon the other party would have been timely under the provisions of CPLR 203 even if the Statute of Limitations had expired (Zeitler v City of Rochester, 32 AD2d 728).
But the court cannot accept plaintiffs argument that because of the relationship between the defendants in this case, the toll of the Statute of Limitations for defendant Copertino also operated to toll the Statute of Limitations as to the defendant Town. No reasonable reading of CPLR 210 would support such an interpretation. Indeed, in Butler v Price (271 App Div 359), the court discussed the Legislature’s reasons for enacting Civil Practice Act § 21 from which CPLR 210 (b) is derived. The court therein stated that: "The Legislature seems to have recognized that there is inevitably a period of time following the death of a person when it would be difficult, if not impossible, to commence an action against his estate. In order, therefore, to prevent any hardship or loss of rights to a *959 plaintiff under such circumstances, the Legislature by its enactment of section 21 suspended the running of the statute for a period of eighteen months after the death of the person against whom a cause of action exists.” (Supra, at 362.)
When viewed in connection with the legislative purpose behind CPLR 210 (b), plaintiff’s argument clearly fails. The 18-month period was created so that a plaintiff would not be charged for the time during which a deceased tort-feasor’s personal representative was being appointed. Eighteen months was considered to be a reasonable time in which such a representative could be appointed, either by the decedent’s next of kin or even by plaintiff himself (see, SCPA 1002 [1]). However, in the case at bar, plaintiff suffered no such inability to prosecute his action against the defendant Town. The Town, as an existing municipal corporation, was always amenable to service during the one year and 90 days following the accident. Under these circumstances, this court sees no reason why plaintiff should benefit from the provisions of CPLR 210 (b) in its claim against the Town.
A similar argument was raised in Flynn v New York Hosp. (33 Misc 2d 393) and rejected by that court. In that case, plaintiff was suing a physician for malpractice along with the physician’s employer, New York Hospital. The defendant physician left the State the year following the alleged malpractice and remained continually absent thereafter. Fourteen years later, plaintiff commenced a malpractice action by serving the hospital but was unable to serve the physician. In opposition to the hospital’s motion to dismiss the complaint as time barred, plaintiff argued that since the Statute of Limitations was tolled as to the physician by his absence from the State and since the physician and hospital were united in interest, the Statute of Limitations was tolled as to the hospital also. In rejecting plaintiff’s contention, the court stated that: "Plaintiff cannot now attempt to invoke against defendant hospital a provision designed solely to facilitate service on defendants not accessible to process.” (Supra, at 397.)
For similar reasons, this court must reject the arguments set forth by plaintiff in opposition to this summary judgment motion. To accept them would require this court to ascribe a purpose to CPLR 210 (b) for which it was clearly unintended.
For all these reasons, defendants’ motion for summary judgment dismissing plaintiff’s complaint is granted.