OPINION OF THE COURT
Eugene D. Faughnan, J.
There are two motions brought before the court at this time. The plaintiff, JP Morgan Chase Bank, National Association, filed a motion June 6, 2014 seeking: summary judgment pursuant to CPLR 3212 as against defendant estate of Donald T. Gar-row; default judgment pursuant to CPLR 3215 against defendants Nancy Garrow, Internal Revenue Service, New York State Department of Taxation and Finance, Daniel R. Garrow, Brenda L. Pratt, Christina Puchales, Patty Bruggeman, and Jeanette St. Pierre, and appointment of a referee to compute the total sums due and owing to the plaintiff pursuant to RPAPL 1321; to amend the caption adding the defendants Nancy Garrow, *317 Daniel R. Garrow, Brenda L. Pratt, Christina Puchales, Patty Bruggeman, and Jeanette St. Pierre; and for such other relief the court deems just and proper. Defendant, Jana McDonald, Esq., as temporary administrator of the estate of Donald T. Gar-row, filed a cross motion on July 9, 2014 for an order denying plaintiffs summary judgment motion, and granting the estate’s cross motion for summary judgment, dismissing the action, with prejudice, as time-barred, with costs and attorneys fees for locating the heirs assessed against the plaintiff, and with costs and attorneys fees for recovery of the estate asset assessed against the estate; in the alternative, an order dismissing the estate as a party defendant, with the heirs substituted as the real parties in interest,[1] and the temporary administrator for the estate remaining in the action solely for the purposes of defending against the foreclosure, with all costs and attorneys fees against the plaintiff, along with such other and further equitable relief as the court deems just and equitable.
Procedural Background
The plaintiff filed the instant action on March 14, 2013 to foreclose on a mortgage. The subject premises are located at 341 North Peterboro Street in Canastota, New York. The mortgage and note are dated October 27, 2005 between Oneida Savings Bank and Donald T. Garrow, and thereafter the mortgage was assigned to plaintiff herein.
The complaint alleges that there was a default in payments from September 1, 2006 and continuing. Donald T. Garrow, the mortgagor, died on May 26, 2007 and, per the complaint, he died intestate.[2]
Plaintiff submitted an ex parte motion for an order to appoint a temporary administrator on October 9, 2013. In support thereof, plaintiff submitted an affirmation of Caitlin N. Young, Esq. dated October 4, 2013 with attached exhibits. The court granted the motion and signed an order dated October 30, 2013, which was filed on December 23, 2013, appointing Jana McDonald, Esq. as temporary administrator for the estate of Donald T. Garrow, and Suzanne Knight DeBottis, Esq. as guardian ad litem for the heirs-at-law, next-of-kin, etc. of Donald T. Gar- *318 row. Plaintiff was further granted leave to file and serve an amended complaint and supplemental summons, on the temporary administrator, guardian ad litem and Nancy L. Garrow, wife of the decedent.
Ms. McDonald filed a notice of appearance and indicated that she would accept service of all papers and notices. Ms. Knight DeBottis filed a notice of appearance waiving service of all papers except the notice of sale and notice to obtain surplus monies, and an answer submitting “their right and interest in the matters in question for the protection of the court.” Given the nature of the issues involved, the performance and involvement of the guardian ad litem and temporary administrator is crucial. (See e.g. First Union Natl. Bank v Estate of Bailey, 7 Misc 3d 1027[A], 2005 NY Slip Op 50793[U] [Sup Ct, Kings County 2005].)
Ms. McDonald filed an answer with four affirmative defenses. These defenses include whether the decedent’s heirs should be added as party defendants (on the basis of claimed intestacy of the mortgagor) and the statute of limitations. The file also reflects that potential heirs to the estate of Donald T. Garrow were served with the summons and complaint in February 2014. Subsequently, the plaintiff filed the instant motion, and the temporary administrator filed opposition papers, and a cross motion.
Arguments
Plaintiff seeks summary judgment against the temporary administrator, and default judgment against the heirs. Plaintiffs motion sets forth an argument as to a prima facie showing for summary judgment, and addresses the affirmative defenses of the estate’s answer. In particular, plaintiff alleges that since the heirs have now been served, the complaint should be amended to include those heirs as additional defendants. Plaintiff also argues that this action is timely because CPLR 210 (b) grants an 18-month extension to the statute of limitations due to the fact that the mortgagor passed away.[3]
The cross motion by the temporary administrator identified that there was a prior action resulting in a judgment of foreclosure of the mortgage at issue in 2007 (index No. 2007-1113). Ultimately, upon motion of the plaintiff in that 2007 action, the *319 judgment was vacated and the action was discontinued. The temporary administrator provided papers and documents concerning that 2007 case as part of its cross motion. She further detailed her efforts to locate heirs and defend the estate since her appointment as temporary administrator. She argued that since the plaintiff only seeks to have the property back and not any deficiency, that the heirs are the proper parties as the owners of the property (on the basis that the decedent died intestate—although it was later determined that there was a will), and that the estate is not a proper party. She alleges that this action is barred by the statute of limitations (CPLR 213 [4]) since it was not filed until March 14, 2013, more than six years after the default in September 2006.
Plaintiff submitted an affirmation in opposition and reply dated July 17, 2014. In support, plaintiff cited to several cases in support of the 18-month toll of CPLR 210 (b). Plaintiff therefore contends that it had the six-year statute of limitations plus an additional 18 months (for a total of 7x/2 years) to file the action. Thus, with the default in September of 2006, the commencement on March 14, 2013 was within the 7x/2 years.
Ms. McDonald completed another affidavit dated August 20, 2014 contending that the plaintiffs opposing papers were not served timely, and that the 2007 action and 2013 action involve the same or related plaintiffs. She argues that this loan was already accelerated by the filing of the February 15, 2007 complaint (if not earlier) which was personally served on Donald T. Garrow on February 26, 2007. Therefore, she argues, the statute of limitations began to run when the loan was accelerated, and the extension of time under CPLR 210 (b) does not apply because the loan had already been accelerated in 2007.
Discussion
The plaintiffs summons and complaint in this action list the plaintiff as JP Morgan Chase Bank, National Association, and the defendants as the estate of Donald T. Garrow, Internal Revenue Service United States of America, New York State Department of Taxation and Finance and John Doe and Jane Doe 1 through 7. The plaintiffs affirmation in opposition and reply states that the plaintiff in the 2007 action is Chase Home Finance LLC and the plaintiff in this action is JPMorgan Chase Bank, N.A. However, in the 2007 case, the order of reference directed that the pleadings be amended nunc pro tunc to reflect the plaintiff was JPMorgan Chase Bank, N.A. and the judgment *320 of foreclosure and sale lists the plaintiff as JPMorgan Chase Bank, N.A.
The 2013 complaint sought foreclosure on the same property and stated that the mortgagor died intestate. It was subsequently determined and reported by the temporary administrator that the decedent did have a will, and a copy of the will was attached to an affidavit of Ms. McDonald dated July 11, 2014. From all accounts, the will has not been submitted to the Surrogate’s Court, and has not been probated.
The plaintiffs complaint, and motion papers, failed to inform the court of the 2007 foreclosure action. As it turns out, the information in the 2007 foreclosure file is crucial to the court’s review of the matter, and should have been brought to the attention of the court by the plaintiff/movant, instead of by the temporary administrator in her cross motion papers.
An order was signed on October 24, 2007 directing that the estate and the heirs-at-law (the surviving spouse and five adult children) be substituted as party defendants. The order even gave the names and addresses of the heirs. The supplemental summons and amended complaint were served on the newly designated defendants.
Thereafter, the file remained fairly inactive until a notice of motion was filed on February 21, 2013 to discontinue the action, vacate the notice of pendency and the judgment of foreclosure and sale. The motion was filed by the same office which represents the plaintiff in the 2013 foreclosure action. The order was granted on April 5, 2013 and contained the names of the defendant heirs. In the meantime, JP Morgan filed the instant complaint on March 14, 2013 before the 2007 case had been discontinued.
Plaintiff sought an ex parte order to appoint a temporary administrator and submitted an affirmation dated October 4, 2013 contending that “[t]he Plaintiff has limited information about the defendant, Donald T. Garrow, and virtually no information regarding the Defendant’s next of kin and/or heirs.” However, the same attorneys’ office had obtained the order to discontinue the 2007 action just a few months earlier, so clearly, they knew, or should have known, the information concerning the decedent and the heirs. Further, they should have provided that information to the court as well. The temporary administrator requested the entire foreclosure file from the plaintiff so that she could perform the function she had been assigned by the court to perform. Had the plaintiff complied with the *321 request, they would have seen the information concerning the heirs, in their own files.
Under CPLR 210 (b) “[t]he period of eighteen months after the death . . . of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator.” That is because the plaintiff is unable to sue between the death of a potential defendant and the appointment of a representative. (See 1-210 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 210.00 et seq.) In Anselmo v Copertino (134 Misc 2d 956 [Sup Ct, Suffolk County 1987]), the court considered and rejected an 18-month extension in a claim against a municipality. In that case, one of the codefendants passed away during the pendency of the action and the plaintiff sought to use the 18-month extension to avoid summary judgment dismissal due to the statute of limitations. The court considered the legislative purpose underlying this extension of time, stating:
“[I]n Butler v Price (271 App Div 359), the court discussed the Legislature’s reasons for enacting Civil Practice Act § 21 from which CPLR 210 (b) is derived. The court therein stated that: 'The Legislature seems to have recognized that there is inevitably a period of time following the death of a person when it would be difficult, if not impossible, to commence an action against his estate. In order, therefore, to prevent any hardship or loss of rights to a plaintiff under such circumstances, the Legislature by its enactment of section 21 suspended the running of the statute for a period of eighteen months after the death of the person against whom a cause of action exists.’ (Supra, at 362.)
“When viewed in connection with the legislative purpose behind CPLR 210 (b), plaintiffs argument clearly fails. The 18-month period was created so that a plaintiff would not be charged for the time during which a deceased tort-feasor’s personal representative was being appointed. Eighteen months was considered to be a reasonable time in which such a representative could be appointed, either by the decedent’s next of kin or even by plaintiff himself (see, SCPA 1002 [1]). However, in the case at bar, plaintiff suffered no such inability to prosecute his action against the defendant Town. The Town, as an existing municipal corporation, was *322 always amenable to service during the one year and 90 days following the accident. Under these circumstances, this court sees no reason why plaintiff should benefit from the provisions of CPLR 210 (b) in its claim against the Town.” (Anselmo at 958-959.)
Similarly, based upon the particular facts of this case, the court concludes that the 18-month extension pursuant to CPLR 210 (b) is inapplicable. In this case, the mortgagor was not just a potential party, he actually was a party in the 2007 case. The estate and/or heirs were always identifiable and amenable to service, as they had been identified and made parties in the 2007 case. They were the parties of interest when the motion to discontinue was made. The extension under CPLR 210 (b) is clearly to protect the plaintiff who may not be able to identify the proper defendants where the defendant has passed away. That is clearly not the situation in the present case, where the estate and heirs had been identified and named in the 2007 action. The extension is not intended to be used on the offensive to revive an expired statute of limitations. The court agrees with the temporary administrator that the mortgage was necessarily accelerated at the time of the commencement of the 2007 action, and that the statute of limitations began running at that time. For whatever reason, the 2007 action was discontinued and a new action was brought. The plaintiff herein already had a judgment in the 2007 case, and also had knowledge of the names and addresses of the potential heirs. Thus, it is clear that the plaintiff is rightfully imputed with the knowledge of the mortgagor’s death and the names and addresses of the heirs. The rationale underlying the 18-month extension (for a personal representative to be identified and appointed) is not meant for this type of case where the heirs had been identified, and were known to the plaintiff.
Admittedly, in this case, the parties were under the mistaken assumption that the deceased mortgagor was intestate. Although it was much later determined that the mortgagor had a will, that does not change the determination. “[R]eal property owned by an intestate decedent devolves directly to his or her statutory distributees without the necessity of any act by an administrator of his or her estate.” (Citimortgage, Inc. v Balbi, 22 Misc 3d 1102[A], 2009 NY Slip Op 50000[U], *2 [Sup Ct, Suffolk County 2009], citing Matter of Roberts, 214 NY 369 [1915]; Kraker v Roll, 100 AD2d 424 [2d Dept 1984].) Thus, there would *323 be no need for the extension. The statutory heirs would be the defendants, even if they could not be readily identified. If the decedent dies testate “the property of a decedent passes under the terms of the will, which is effective only upon its probate and the appointment of a . . . personal representative of the estate.” (Bank of Am., N.A. v Engelbert, 2010 NY Slip Op 31020[U], *4 [Sup Ct, Suffolk County 2010].) If a plaintiff is faced with the running of the statute of limitations, the remedy is to petition Surrogate’s Court for the appointment of the public administrator as the personal representative pursuant to SCPA 1002. (See Laurenti v Teatom, 210 AD2d 300 [2d Dept 1994]; 1-210 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 210.00 et seq.) Plaintiff herein failed to do so, and did not commence the instant action until March 14, 2013, which was more than six years after the default in payments (Sept. 1, 2006), and more than six years after the loan had been accelerated (at least by Feb. 15, 2007 when that case was filed). In these circumstances, the court concludes that the 18 months is not tacked on and as a result, the current claim is time-barred.
Based on the court’s determination, the remaining arguments are moot, except for the claim for attorneys fees. Given the factors, it does appear to the court that the temporary administrator has expended considerable effort to perform her court appointed duties including efforts to locate heirs which should have already been known to the plaintiff, and in defending the estate. Based on the court’s determination herein, that includes a successful statute of limitations defense on this action, when the plaintiff discontinued an earlier timely action against all the same parties, and sought to commence this action after the statute of limitations had expired. The court has also reviewed the attorney affidavit of Ms. McDonald in support of attorneys fees and filing costs and disbursements. The court hereby awards Ms. McDonald the requested amount of $7,863.32.
The guardian ad litem has also submitted her report detailing the efforts undertaken to locate the heirs. She also had contact with Ms. McDonald regarding the nature of the claim, and that is confirmed by Ms. McDonald’s submissions. Based upon the efforts expended and the documentation provided the court hereby awards Ms. Knight DeBottis her requested amount of $900.
Based upon all of the foregoing, it is hereby ordered, that plaintiffs motions are hereby denied, and it is further ordered, that the motion of temporary administrator for the estate of *324 Donald T. Garrow to deny plaintiffs motion and for summary judgment dismissing the complaint as time-barred is granted, and it is further ordered, that the application by the temporary administrator for fees, costs and disbursements in the amount of $7,863.32 against the plaintiff is granted, and it is further ordered, that the application by the guardian ad litem for $900 for attorneys fees against the plaintiff is granted.

. There was no submission by the guardian ad litem with regard to the motion or cross motion. However, she submitted a guardian ad litem report reflecting that she had frequent discussions with Ms. McDonald to share information obtained about the heirs.

. Subsequently, however, information has been obtained that there was a will, but it has not been probated.

. At oral argument, the parties advised that they had been unable to find a case directly on point with regard to the application of CPLR 210 (b) with the same facts presented in this case.