Szarka v Paratore (2020 NY Slip Op 00319)





Szarka v Paratore


2020 NY Slip Op 00319


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-01171
 (Index No. 705068/17)

[*1]Michael Szarka, respondent,
v
Antonina M. Paratore, etc., appellant.


Deirdre J. Tobin, Garden City, NY (Louis T. Cornacchia III of counsel), for appellant.
Marc J. Bern & Partners LLP, New York, NY (Alexandra Colella of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered July 31, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time- barred.
ORDERED that the order is affirmed, with costs.
On November 20, 2012, a vehicle operated by the defendant's decedent allegedly struck a vehicle in which the plaintiff was a passenger. The defendant's decedent died as a result of the accident, on the day of the accident. The plaintiff commenced this personal injury action against the defendant, as administrator of the decedent's estate, on April 13, 2017. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, arguing that the three-year statute of limitations had expired. The defendant further argued that the plaintiff was not entitled to the toll of CPLR 210(b) because the defendant, who became administrator of the decedent's estate in December 2012, has always been known to the plaintiff's counsel and the plaintiff filed an insurance claim after the estate was in place, which resulted in years of settlement attempts before the instant action was commenced. The Supreme Court denied the motion, concluding that the tolling provisions of CPLR 210(b) applied and, therefore, the action was timely commenced. The defendant appeals.
An action to recover damages for personal injury is subject to a three-year statute of limitations (see CPLR 214[5]). As relevant, CPLR 210(b) provides that "[t]he period of eighteen months after the death . . . of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his [or her] executor or administrator." In enacting the statute, the Legislature "recognized that there is inevitably a period of time following the death of a person when it would be difficult, if not impossible, to commence an action against his [or her] estate," and sought to prevent any hardship or loss of rights to a plaintiff under such circumstances (Butler v Price , 271 App Div 359, 362; see McDonough v Cestare , 3 AD2d 201, 204). The Legislature deemed 18 months to be a reasonable time in which a representative could be [*2]appointed (see Anselmo v Copertino , 134 Misc 2d 956, 959 [Sup Ct, Suffolk County]).
Contrary to the defendant's contention, application of CPLR 210(b) does not depend on the circumstances surrounding the actual appointment of a defendant administrator in a particular action, or the time when a plaintiff actually became aware of the defendant's appointment. Rather, where the cause of action exists at the time of the decedent's death, CPLR 210(b) tolls the statute of limitations from the moment of the decedent's death until 18 months later, at which time the statute of limitations automatically resumes running (see Glamm v Allen , 57 NY2d 87, 95).
Here, the decedent died on the day that the cause of action accrued. Therefore, the three-year statute of limitations did not begin to run as to the defendant administrator until May 20, 2014, 18 months after the decedent's death (see id . at 95). Consequently, this action was timely commenced, and we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court