299 P.2d 619

Dr. R. B. LINDSAY, Plaintiff and Respondent,

v.

Jennie WOODWARD, Defendant and Appellant.

No. 8492.

Supreme Court of Utah.

July 17, 1956.

3. 223 App.Div. 864, 228 N.Y.S. 189, 190, affirmed, 252 N.Y. 605, 170 N.E. 160.

Oscar McConkie, Jr., Salt Lake City, for appellant.

H. G. Christensen, John H. Snow, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

This is an appeal from a summary judgment which disposed of defendant's counterclaim.

In June, 1952, defendant was injured in an auto accident. Plaintiff, a physician, attended her in Idaho for about a month. Plaintiff was not paid and he sued defendant in the City Court of Salt Lake City, obtaining a default judgment when defendant failed to answer. She appealed, however, to the District Court, where, for the first time, she asserted a $40,000 counterclaim based on malpractice and containing allegations relative to fraud and breach of contract.

The motion for summary judgment was based upon several grounds, only one of which need here be considered, since our conclusion relative thereto requires the affirmance of the judgment. Based upon the allegations of the counterclaim and defendant's deposition, plaintiff averred that the claim of the defendant is barred by the provisions of the Idaho Code 1947, § 5–219, and by the provisions of the Utah Code Annotated 1953, 78–12–45.

The cited Idaho Statute bars an action for personal injury unless the same is instituted within two years after the date the cause of action accrued. The cited Utah Statute bars (with one inapplicable exception) an action in Utah if such action is barred in the state in which it accrued. The alleged malpractice as set forth in defendant's counterclaim occurred some three years prior to the interposition of the counterclaim here. However, to avoid the bar of the Idaho Statute cited, defendant asserts (1) that her cause of action is one on contract rather than in tort, and (2) that the applicable Idaho Statute is that relating to actions for fraud or mistake. Both such contentions have been rejected by the Idaho Court. In the case of Trimming v. Howard, 52 Idaho 412, 16 P.2d 661, a malpractice action, identical contentions were made by the plaintiff and, as noted, overruled. The action was clearly barred by the provisions of the cited Idaho Statute, hence, under the cited Utah Statute, it was barred here.

Summary judgment affirmed. Costs to respondent.

HENRIOD, J., concurs.

WADE and WORTHEN, JJ., concur in the result.

CROCKETT, Justice.

I concur. Although my esteemed colleagues assure me that the majority opin-

ion cannot be misconstrued nor misapplied, nevertheless, for the purpose of obviating any possibility thereof, I desire to add the following comment:

In the case of Trimming v. Howard, referred to in the main opinion, the Supreme Court of Idaho construes the laws of Idaho as applied to an action of this type if brought in Idaho and rules that it would be barred by the statute of limitations there. Consequently under 78–12–45, U.C.A.1953, it would be barred in Utah. We are not here required to approve or disapprove that decision, nor to indicate what the ruling of this court might be if there actually existed fraud or concealment by a doctor of a condition, such as the leaving of a sponge in a patient, or a part of a needle (the Trimming case, supra,) which fact was known to the doctor and was not known nor reasonably discoverable to the patient. For the reason that the instant action, if brought in Idaho, would be barred under Idaho law, the action of the trial court in dismissing the defendant's counterclaim appears to have been correct upon the basis of the facts disclosed by plaintiff's deposition.