Keith **KEYSER** and Barbara **Keyser,** individually and as Guardians of Aaron B. Keyser, Plaintiffs,

v.

**ST. MARY'S HOSPITAL, INC.,** an Idaho corporation, and Joel H. Hendrickson, M.D., Defendants.

Civ. No. 87–3041.

United States District Court, D. Idaho.

June 11, 1987.

E.L. Miller, Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, Idaho, for plaintiffs.

Marcia M. Meade, Dawson & Meade, P.S., Spokane, Wash., William F. Sims, Sims, Liesche & Newell, P.A., Coeur d'Alene, Idaho, Albert Morrow, Miracle, Purzan & Morrow, Seattle, Wash., for defendant Hospital.

Richard E. Hall, Candy W. Dale, Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, Idaho, for defendant Hendrickson.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

Currently pending in this matter are St. Mary's Hospital's Motion Under Rule 12 of the Federal Rules of Civil Procedure and Joel H. Hendrickson's Joinder in Defendant St. Mary's Hospital's Motion Under Rule 12. Defendant St. Mary's Hospital (Hospital) asserts that plaintiffs' complaint fails to state a claim against the Hospital, requests a more definitive statement regarding the allegations of paragraph 3.3 of the complaint, seeks to have the second cause of action asserted as a breach of contract to be stricken, moves to strike the third cause of action relative to informed consent, and asks the court to strike the fourth cause of action as being redundant, immaterial and not a proper cause of action under the circumstances. Hendrickson joins in the motion only to the extent that it seeks dismissal of the fourth cause of action under the Idaho Consumer Protection Act.

In response to objections raised by the motions, plaintiffs have filed with the court a motion to amend complaint. The proposed amended complaint provides a more definitive statement with respect to the allegations of paragraph 3.3 of the original complaint and drops the breach of contract claim. Therefore, the court need not further discuss those arguments. As will be set forth more specifically below, plaintiffs will be allowed to amend their complaint as proposed with certain modifications.

The first "issue" argued in the memoranda of the parties is, as the court understands the arguments, undisputed. Essentially, the Hospital objects to contended liability or responsibility for medical care in the context that it relates to physician care. In other words, the Hospital asks this court to rule that it cannot be held responsible for the alleged malpractice of Hendrickson. Plaintiffs do not assert that the Hospital is liable for any medical malpractice of Hendrickson unless discovery shows that he was, in fact, an employee of the hospital. Plaintiffs assert that the hospital can be negligent for failing to provide adequate care, facilities and equipment and adherence to a standard of care set forth in Idaho Code § 6–1012.

■ The Hospital appears to be concerned about plaintiffs' allegation of "[f]ailing to provide adequate *medical* and nursing *care* to Plaintiffs before, during and after the birth of AARON B. KEYSER;" Complaint for Damages, filed April 1, 1987, at 4 (emphasis added). Plaintiffs do not, however, allege that the Hospital engaged in the practice of medicine. All recognize that hospitals cannot practice medicine. The court considers the above-quoted statement simply to be an allegation that the Hospital did not provide adequate care normally provided by hospitals. The allegation cannot be read to assert a claim that the Hospital failed to provide adequate "medical care" in the sense that a physician provides "medical care." With this understanding, the court will grant the motion to the limited extent that it seeks an order from this court that the Hospital cannot be liable for any malpractice of Hendrickson (unless he acted as an employee) and that the Hospital can be negligent only for acts or omissions of its agents and employees.

In plaintiffs' complaint and proposed amended complaint, a cause of action is asserted against both defendants for breach of duty to fully disclose and obtain an informed consent for the health care provided. The Hospital asserts, by the motion, that it has no responsibility for consent, and therefore, the particular cause of action fails to state a claim upon which relief can be granted.

The court need look no further than Chapter 43, Title 39, Idaho Code, the Medical Consent Act. The provisions of Idaho Code § 39–4301 through § 39–4305 each refer to consent in the context of hospital, medical, surgical or dental care, treatment or procedures. Idaho Code § 39–4306 lays the responsibility for "[o]btaining consent for *such health care*" ... on the attending physician or dentist or of another physician or dentist acting on his or her behalf or actually providing the contemplated care, treatment or procedure." Idaho Code § 39–4304 discusses the sufficiency of consent and states, "[a]ny such consent shall be deemed valid and so informed if the *physician or dentist to whom it is given or by whom it is secured* has made such disclosures ..." (emphasis added). Idaho Code § 39–4306 does provide that personnel of a licensed hospital and any medical or dental office may, acting with the approval of such physician or dentist, perform the ministerial act of documenting such consent.

■ The responsibility for informed consent regarding health care is statutorily placed upon the physician or dentist. The health care referred to includes hospital, medical, surgical or dental care, treatment or procedures. Therefore, the third cause of action in plaintiff's original complaint and the second cause of action in the proposed amended complaint may only be asserted against the physician, in this case Hendrickson.[1] The Hospital's motion to dismiss the informed consent cause of action alleged against it will be granted, and

1. As is more fully discussed in the body of this Memorandum Opinion and Order, Idaho Code § 6–1012 mandates that any claim for damages arising from the furnishing or failing to furnish health care against a physician or hospital must include as a prima facie element the negligence of the health care provider. It appears, then, that Idaho Code § 39–4306 merely codifies a duty of the physician previously recognized in the state. Fulfillment of that duty, like the fulfillment of the duty to provide adequate health care in general, must be tested pursuant to the mandate of Idaho Code § 6–1012. In other words, the duty of obtaining informed consent does not appear, at this point, to be a separate cause of action from the general negligence cause of action. However, the court will allow the plaintiffs to amend their complaint to

plaintiffs will be required to amend their complaint to assert that cause of action only against Hendrickson.

Plaintiffs' fourth cause of action in their original complaint and third cause of action asserted in their proposed amended complaint is based upon the Idaho Consumer Protection Act, Idaho Code § 48–601 through § 48–609. Plaintiffs claim that defendants held themselves out as being knowledgeable and capable of providing adequate health care, yet failed to provide such care. Plaintiffs contend that such conduct is an unfair or deceptive act or practice in trade or commerce. Both defendants have moved for dismissal of plaintiffs' claim under the Consumer Protection Act.

Idaho Code § 6–1012 clearly sets forth the manner in which a plaintiff must proceed in an action of this nature. Idaho Code § 6–1012 provides that:

*In any case, claim or action* for damages due to injury to or death of any person, brought against any physician and surgeon or ... hospital ... on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto, such claimant or plaintiff *must,* as an essential part of his or her case in chief, affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there *negligently* failed to meet the applicable standard of health care practice of the community.... Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community.... (emphasis added)

■ The language of Idaho Code § 6–1012 is mandatory. In any case, claim or action for damages due to injury on account of the provision of or failure to provide health care, the plaintiff must prove negligence which is the failure to meet the applicable standard of health care practice of the community. As stated in *Trimming*

*v. Howard,* 52 Idaho 412, 16 P.2d 661 (1932): "The gist of a malpractice action is negligence, not a breach of the contract of employment.... The original injury, be it caused by carelessness, negligence, misconduct or whatnot, remains the sole cause of action; and the action is one in tort and not for a breach of contract." *Id. at 416,* 16 P.2d 661 (citations omitted). The same analysis applies as to a claim for breach of the Consumer Protection Act, especially in light of the clear mandate of Idaho Code § 6–1012.

If the cause of action under the Idaho Consumer Protection Act was recognized in an action of this nature, would the requirements for convening a pre-litigation screening panel set forth in Idaho Code § 6–1001 through § 6–1011 remain applicable? Could the plaintiff sidestep this procedure by merely alleging a claim under the Idaho Consumer Protection Act? Would not the mandatory language in Idaho Code § 6–1012 still require the plaintiff to prove negligence before any recovery of damages would be allowed? If so, does recognition of such a claim add any further protection for the plaintiff over and above the negligence action? Certainly, Idaho Code § 6–1012 mandates that any claim must include as a prima facie element the negligence of the health care provider.

The law is clear. Plaintiffs must proceed in this medical malpractice action under the negligence standard set forth in Idaho Code § 6–1012. Plaintiffs must prove violation of the applicable standard of health care practice of the community with respect to the particular actions or omissions alleged.

In sum, plaintiffs will be allowed to amend their complaint as proposed with the modification that the cause of action under informed consent may only be alleged as against Hendrickson, and the cause of action brought pursuant to the Idaho Consumer Protection Act will be omitted from the amended complaint.

Based upon the foregoing and the court being fully advised in the premises,

assert, against Hendrickson, breach of informed consent as a separate cause of action. The court will further review the matter upon appro-

priate motion or at the time of preparation of jury instructions.

IT IS HEREBY ORDERED that the Hospital's motion to dismiss any claim for negligence based upon the alleged malpractice of Hendrickson (unless Hendrickson acted as an employee) should be, and is hereby, GRANTED. The Hospital cannot be liable for any alleged malpractice of Hendrickson (unless he acted as an employee), but may be held accountable for its own negligence, if any.

IT IS FURTHER ORDERED that the Hospital's motion to dismiss the third cause of action of plaintiffs' complaint regarding informed consent, should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that the Hospital's and Hendrickson's motions to dismiss the fourth cause of action of the complaint regarding the Idaho Consumer Protection Act should be, and are hereby, GRANTED.

IT IS FURTHER ORDERED that the plaintiffs' motion to amend their complaint should be, and is hereby, GRANTED as modified. Plaintiffs shall file their proposed amended complaint with respect to the general allegations and the first cause of action and asserting the proposed second cause of action only as against Hendrickson and omitting the proposed third cause of action. Plaintiffs shall file said amended complaint on or before June 22, 1987.